# EXHIBIT "A"

**BIANCHI & BIANCHI, LLC**
**80 Orchard Street**
**Bloomfield, New Jersey 07003**
**(973) 680-9900**

| | |
|---|---|
| JAMES R. GEORGE, individually and CHERYL GEORGE, his wife, and JAMES R. GEORGE, as Guardian ad Litem for RONALD GEORGE, a minor, and NICOLE GEORGE, a minor, | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY – LAW DIVISION DOCKET NO.: ESX-L-9475-05 |

                Plaintiffs,     :      *Civil Action*

    vs

CEDAR GROVE POLICE DEPARTMENT;
TOWNSHIP OF CEDAR GROVE;
POLICE CHIEF JEFFREY A. ROWE,
Individually and in his official capacity;
CAPTAIN, FNU VANDERSTREET,
individually and in his official capacity;
POLICE SERGEANT KENNETH J.
CLARK, individually and in his official
capacity; POLICE LIEUTENANT,
ROBERT KATTAS, Individually and in
his official capacity; POLICE OFFICER,
RICHARD MACALUSO; individually and
in his official capacity; POLICE OFFICER,
EDWARD CONLON, JR., individually and
in his official capacity; POLICE OFFICER,
MICHAEL GRASSO, individually and in
his official capacity; JOHN DOES, (1-10),
and JANE DOES, (1-10), (individuals
whose identities are as yet unknown),
individually and in their official capacities.

              Defendants.

**SUMMONS**

*THE STATE OF NEW JERSEY TO:*

**TOWNSHIP OF CEDAR GROVE**
**c/o Kathleen R. Stutz, Clerk**
Municipal Building
525 Pompton Avenue
Cedar Grove, New Jersey 07009

The plaintiffs named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter a judgment against you for the relief plaintiffs' demand, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

S:/ DONALD F. PHELAN
DONALD F. PHELAN
Clerk of the Superior Court

DATED: July 5, 2006

**Address for Service:**
Township of Cedar Grove
c/o Kathleen R. Stutz, Clerk
Municipal Building
525 Pompton Avenue
Cedar Grove. New Jersey 07009

*FOR CHANCERY DIVISION CASES
$135.00 (Answer and Counterclaim)

*FOR LAW DIVISION CASES
$135.00 (Answer without Counterclaim or third party claim)
$200.00 (Answer with Counterclaim or third party)

# DEPUTY CLERKS ADDRESSES

Atlantic County, 1201 Bacharach Boulevard, Atlantic City, New Jersey 08330

Bergen County Justice Center, 10 Main Street, Hackensack, New Jersey 07601

Burlington County Courts Facility, 49 Rancocas Road, Mt. Holly, New Jersey 08060

Camden County Hall of Justice, 101 South 5th Street, Camden, New Jersey 08103-4001

Cape May County Courthouse, Main Street, Cape May, New Jersey 08210

Cumberland County Court House, Broad & Fayette Street, Bridgeton, New Jersey 07102

Essex County Courts Building, 50 West Market Street, Newark, New Jersey 07102

Gloucester County Court House, 1 North Broad Street, Woodbury, New Jersey 08096

Hudson County Administration Building, 595 Newark Avenue, Jersey City, NJ 077306

Hunterdon County Court House, Main Street, Flemington, New Jersey 08822

Mercer County Court House, P.O. Box 8068, Trenton, New Jersey 08650-0068

Middlesex County Court House, 1 Kennedy Square, New Brunswick, New Jersey 08903

Monmouth County Court House, 71 Monument Park, Freehold, New Jersey 07728

Morris County Court House, P.O. Box 900, Morristown, New Jersey 07963-0900

Ocean County Court House, 118 Washington Street, Toms River, New Jersey 08754

Passaic County Court House, 77 Hamilton Street, Paterson, New Jersey 07505-2017

Salem County Court House, P.O. Box 3000, Somerville, New Jersey 08876-1262

Somerset County Court House, P.O. Box 3000, Somerville, New Jersey 08876-1262

Sussex County Court House, 43-47 High Street, Newton, New Jersey 07860

Union County Court House, 2 Broad Street, Elizabeth, New Jersey 07207

Warren County Courthouse, 2nd & Hardwick Street, Belvidere, New Jersey 07823

| COUNTY | LEGAL AID OFFICE | LEGAL SERVICES OFFICE |
|---|---|---|
| Atlantic | (609) 348-4200 | (609) 345-3444 |
| Bergen | (201) 487-2166 | (201) 488-0044 or 692-1011 |
| Burlington | (609) 261-1088 | (609) 261-4862 |
| Camden | (609) 964-1002 | (609) 964-4520 |
| Cape May | (609) 465-3001 | (609) 463-0313 |
| Cumberland | (609) 692-2400 | (609) 692-6207 |
| Essex | (973) 622-1513 | (973) 622-6207 |
| Gloucester | (609) 848-5360 | (609) 848-4589 |
| Hudson | (201) 792-6363 | (201) 798-2727 |
| Hunterdon | (908) 782-7979 | (908) 735-2611 |
| Mercer | (609) 695-6249 | (609) 890-6200 |
| Middlesex | (732) 249-7600 | (732) 828-0053 |
| Monmouth | (732) 747-7400 | (732) 431-5544 |
| Morris | (973) 285-6911 | (973) 267-5882 |
| Ocean | (732) 341-2727 | (732) 240-3666 |
| Passaic | (973) 345-7171 | (973) 278-9223 |
| Salem | (609) 451-0003 | (609) 678-8363 |
| Somerset | (908) 231-0840 | (908) 685-2323 |
| Sussex | (973) 383-7400 | (973) 267-5882 |
| Union | (908) 527-4769 | (908) 353-4715 |
| Warren | (908) 475-2010 | (908) 267-5882 |

BIANCHI & BIANCHI, LLC
80 Orchard Street
Bloomfield, New Jersey 07003
(973) 680-9900
Attorneys for Plaintiffs

| | |
|---|---|
| JAMES R. GEORGE, individually and CHERYL GEORGE, his wife, and JAMES R. GEORGE, as Guardian ad Litem for RONALD GEORGE, a minor, and NICOLE GEORGE, a minor, | SUPERIOR COURT OF NEW JERSEY ESSEX COUNTY – LAW DIVISION DOCKET NO.: ESX-L-9475-05 |



JAMES R. GEORGE, individually and           :
CHERYL GEORGE, his wife, and JAMES
R. GEORGE, as Guardian ad Litem for          :
RONALD GEORGE, a minor, and
NICOLE GEORGE, a minor,                       :

                    Plaintiffs,               :

        vs                                    :

CEDAR GROVE POLICE DEPARTMENT;               :
TOWNSHIP OF CEDAR GROVE;
POLICE CHIEF JEFFREY A. ROWE,                 :
Individually and in his official capacity;
CAPTAIN, FNU VANDERSTREET,                    :
individually and in his official capacity;
POLICE SERGEANT KENNETH J.                    :
CLARK, individually and in his official
capacity; POLICE LIEUTENANT,                  :
ROBERT KATTAS, Individually and in
his official capacity; POLICE OFFICER,        :
RICHARD MACALUSO; individually and            :
in his official capacity; POLICE OFFICER,
EDWARD CONLON, JR., individually and          :
in his official capacity; POLICE OFFICER,
MICHAEL GRASSO, individually and in           :
his official capacity; JOHN DOES, (1-10),
and JANE DOES, (1-10), (individuals           :
whose identities are as yet unknown),
individually and in their official capacities,  :

                    Defendants.               :

**FIRST AMENDED COMPLAINT
AND JURY DEMAND**

---

Plaintiff(s), James George, Cheryl George, Ronald George, and Nicole George, by and through their attorneys Bianchi & Bianchi, LLC, 80 Orchard Street, Bloomfield, New Jersey 07003 and the Law Offices of Joseph A. Spinella, 805 Clifton Avenue Clifton, New Jersey 07013, as for their First Amended complaint against defendants say:

# INTRODUCTORY STATEMENT

1.     This civil action is brought by citizens of the United States of America against duly sworn police officers of the Township of Cedar Grove Police Department, who unlawfully arrested, imprisoned, detained, and seized the person and property of one or more of the Plaintiffs and without just cause, assaulted, subjected to excessive force, falsely arrested, falsely imprisoned, maliciously prosecuted, abused lawful process, harassed, perjured themselves, destroyed evidence, defamed and otherwise committed State and Federal civil rights violations against Plaintiffs. This civil action is also brought against the supervisory personnel responsible for the conduct of defendants listed herein, for their failure to take corrective action with respect to law enforcement personnel, and for their failure to assure proper hiring, proper training, and proper supervision of said personnel or to implement meaningful procedures to discourage lawless official conduct.  Township of Cedar Grove and the Cedar Grove Police Department, as the employers of the law enforcement personnel, are sued herein as persons under 42 U.S.C. 1983 and pursuant to New Jersey State law

2.     All of the causes of action pled throughout the entirety of this complaint are pled under both State and Federal law.

3.     The actions and omissions herein described were engaged in under the color of law and constitute State action under the State and Federal Constitution(s), statutes, laws, charter, ordinances, rules, regulations, customs, and usages of the State of New Jersey, including the defendant municipality and police department, sued as persons, responsible because of their authorization, condonation, and/or ratification thereof of acts of its servants, agents, and/or employees, who deprived Plaintiffs of rights secured to them by the Constitution of the United States, Constitution of the State of New Jersey, in addition to the rules, regulations, customs and

practices pursuant thereto, including, without limitation, Plaintiffs': (a) 1st Amendment rights of freedom of expression; (b) their 4th Amendment rights to be free from an unlawful search and seizure of their person and/or property; rights to be free from false arrest; right to be free from false imprisonment; right not to be maliciously prosecuted and/or have legal process abused, and right to be free from assault and/or excessive force; and right to be free from kidnapping; (c) their 5th, 4th, and 14th Amendment rights to due process and equal protection of law, including the right to be free from unjustified and excessive force utilized by police; and (d) their 4th and 8th Amendment rights to be free from cruel and unusual punishment and their rights to be free from the kinds of unlawful actions listed in all causes of action and factual predicates pled throughout the entirety of this complaint.

4.     At all times mentioned throughout the entirety of this complaint, the defendants acted jointly and in concert with one another. Each defendant had the duty and opportunity to protect the Plaintiffs from the unlawful actions of the other defendant, but each defendant failed and/or refused to perform such duty, thereby proximately causing Plaintiffs' injuries.

5.     Plaintiffs were, at all relevant times to this complaint, residents of the Township of Little Falls, County of Passaic, and State of New Jersey, and were citizens of the United States of America.

6.     Defendants were and are at all relevant times to this complaint duly sworn police officers and/or officials of the Township of Cedar Grove and the Cedar Grove Police Department, duly sworn to uphold the law. At all relevant times, defendants were acting in their capacity as agents, servants, and employees, of the Township of Cedar Grove and the Cedar Grove Police Department and are sued in both their individual and official capacities.

3

7.  All Township officials and supervisory police officials were at all times relevant to this complaint responsible for the training, conduct, assignments and control of its officers, including the proper techniques for the detention, apprehension, and arrest of individuals who have committed crimes, including, including but not limited to, the basis of the legal understanding of probable cause, false arrest, malicious prosecution, preservation of evidence, abuse of process, assault, excessive force, and all other causes of action asserted and pled throughout the entirety of this complaint. Said individuals were also responsible for the promulgating and enforcing rules and regulations regarding police officer training and conduct, so as to ensure that the constitutional rights of citizens were not violated. Furthermore, the supervisory personnel of the Police Department and Township officials were responsible to insure that only individuals who were morally and temperamentally fit to be police officers were hired and those individuals unfit for service as police officers, after they were hired, were promptly dismissed. All Township officials and supervisory officers of the Cedar Grove Police Department and Township of Cedar Grove were responsible for insuring that its police officers obeyed the laws of the State of New Jersey and the United States of America.

8.  Defendants John Does 1-10 and/or Jane Does 1-10 are, and were, at all times relevant to this complaint, the agents, servants, employees, officers, superior officers, and Township officials of the Township of Cedar Grove and the Cedar Grove Police Department who were responsible for the training and conduct of police officers within the Township and who were responsible for enforcing the regulations of the Cedar Grove Police Department and for insuring that all Cedar Grove Police Officers obeyed the laws of the State of New Jersey and the United States of America. Furthermore, they were responsible for insuring that those individuals who violated the rules and regulations of the Cedar Grove Police Department and/or the laws of the

4

State of New Jersey or the United States of America and those who were unfit for service as police officers, were reported and proper remedial training and/or disciplinary action be taken against them.

## FACTUAL ALLEGATIONS

9.   Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

10.   The factual allegations contained herein are cursory and not meant to include all facts that will be adduced during discovery.

11.   On or about November 26, 2003, James R. George and his son, Ronald George (a juvenile not having reached the age of majority), were peacefully upon the public thoroughfare of Douglas Dr. in the Township of Little Falls, County of Passaic, and State of New Jersey.

12.   The Georges were approached by defendant Macaluso, a Cedar Grove police officer. Macaluso was investigating a complaint of shots being fired. Plaintiff James George admitted to Macaluso that he and his son were firing a weapon to prepare Plaintiff Ronald George for a hunting trip that was to take place the next day. Thereafter, numerous officers from both the Township of Cedar Grove and Little Falls Police Department(s) responded to the scene. Initially, the encounter between the responding officers and Plaintiffs was cordial. During the initial encounter with police officers, Plaintiff Cheryl George and her daughter, Nicole George, were present at the scene, which was located across from their home.

13.   Thereafter, defendant Clark (a Cedar Grove Police Department sergeant at the time) responded to the scene in his supervisory capacity. From the outset, defendant Clark was hostile, verbally abusive, and otherwise temperamentally outraged. Defendant Clark was shouting at both police officers and James George and was otherwise aggressive in both his physical

5

approach and words. During the encounter, defendants Clark, Grasso, Conlon, Macaluso and/or other defendant officers, unlawfully assaulted and otherwise used excessive force against James George in the presence of Cheryl George, Ronald George, and Nicole George, when Plaintiff James George told defendant Clark that he did not give permission for Clark to take his son to the police station in the back of the police car. There was no probable cause for the detention and transport of Ronald George and/or James George.

14.     James George was unlawfully arrested and maliciously prosecuted by all defendants in this matter. As a result of the unprovoked and unlawful assault and excessive use of force, James George suffered serious injuries on or about his body and his emotional well-being, which was causally related to the assault and subsequent prosecution, and are permanent in nature. Ronald George, a juvenile, was taken into police custody without probable cause and over the objections of his parents, James and Cheryl George, and was eventually released without any legal process being filed against him. James George was falsely charged with resisting arrest, a disorderly persons offense. So too, Plaintiffs Ronald George, Cheryl George, and Nicole George, have suffered great mental anguish having witnessed there husband and/or father viciously assaulted and having been arrested and falsely charged with an offense. James George, Cheryl George, and Nicole George also suffered damages having seen Ronald George taken into police custody.

15.     Upon information and belief, numerous police officers wrote official investigative submissions about the incident. Thereafter, defendant police officers Macaluso, Clark, and possibly other police officer(s) were ordered by Defendants Chief Jeffrey Rowe, Lieutenant Robert Kattas, and Captain FNU Vanderstreet, Sergeant Clark and/or John Does 1-10 and Jane Does 1-10 to alter their official and sworn investigative reports and to destroy the original

reports. Said changes in the report were of a substantial nature and used to cover-up their unlawful actions at the scene and to unjustifiably charge and convict James George of an offense he did not commit and to justify the unlawful and wrongful detention of Ronald George. Said actions assisted in the officers being able to commit perjury. Further, in abdication of Captain Vanderstreet's responsibilities as internal affairs officer for the Township of Cedar Grove Police Department, rather than protecting citizens from unlawful conduct of its police officers, Captain Vanderstreet assisted in a conspiracy amongst and between all defendants to have James George charged and convicted with an offense he did not commit.

16. The failure to have an internal affairs department that properly investigated complaints of abuse of citizens of the State, created a permissive environment where officers knew that their unlawful acts would go unchecked and that their lawlessness was a proper exercise of their police powers. This ineffective internal affairs department created a custom, practice, and/or policy of deliberate indifference to the constitutional rights of the citizenry, for which all defendants are liable.

17. The arrest and charging of James George and the apprehension and detention of Ronald George were without probable cause and the justification for same was falsely manufactured by the defendants who abused lawful legal process and conspired with one another in contravention to both State and Federal law. The defendants thereupon caused Plaintiffs James George and Ronald George to be held and arrested and placed into police custody for an ordinance violation, contrary to State and Federal law. So too, the defendants jointly and severally participated in an arrest and subsequent prosecution of James George for an ordinance violation, said arrest for an ordinance violation being in contravention of State law, which prohibits an arrest for an ordinance violation. Additionally, Ronald George, a juvenile, was deprived of the comfort and

aid of his parents who protested removing their son from their custody and his transportation by the police in a separate vehicle. Their son was detained, having had no legal process issued against him, and was further deprived of his right to his parents comfort and counsel during said encounter. The taking of Ronald George without lawful justification constitutes an unlawful seizure and kidnapping, a criminal offense. Said arrest and continued detention of James George and Ronald George was excessive and unreasonable and not related in any manner to the goal of assuring that the Plaintiffs would appear in court to answer said charges lodged against James George. Rather, the detention of James George and Ronald George was designed to further punish them for no reason, and/or for exercising and/or in violation of their rights guaranteed by State and Federal law.

18.     The filing of a charge against James George for resisting arrest was a cover-up for the illegal actions taken by all defendants in this matter, and lacked probable cause. Said charges were supported by falsified investigative reports after original reports had been destroyed in violation of law and accepted police practices. Said reports were used both to abuse legal process and maliciously prosecute James George and to otherwise cover up the illegal actions of the defendants against all Plaintiffs.

19.     By way of participation in the cover-up, and acquiescence of the defendants who did nothing to prevent the illegality of other defendants' actions throughout the entirety of this matter, includes but is not limited to the illegal actions at the scene of the incident and throughout the entirety of the legal process being filed and action being prosecuted in the Little Falls Municipal Court. Plaintiffs have suffered irreparable and proximately caused harm. James George was tried on the bogus charge of resisting arrest and was found not guilty of said charge on April 18, 2006, said matter being heard before the Honorable G. Dolph Corradino, J.M.C.

8

20.    As a direct and proximate result of the acts and omissions of the defendants herein described, the Plaintiffs were detained/incarcerated for a period of time, were required to perform various acts in order to regain their freedom, were required to appear in municipal court on numerous occasions, were required to defend charges against them, were required to spend money for medical expenses and to retain the services of an attorney to defend themselves against said false charges, and all Plaintiffs were caused to suffer great mental pain and agony, economic loss, loss of their ability to enjoy life in a manner customary to them, were caused to endure great mental and emotional pain and mental anguish and suffering.

## FIRST CAUSE OF ACTION

### (STATE AND FEDERAL CIVIL RIGHTS VIOLATIONS)

21.    Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were set forth fully herein.

22.    At all relevant times, the defendant police officers from the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

23.    The approach, stop, detention, arrest, and prosecution of Plaintiffs by the defendants was unlawful, unjustified, and without probable cause. Said approach, stop, detention, arrest, and/or prosecution of Plaintiffs constituted an unreasonable search and seizure in violation of the 4th Amendment of the United States Constitution and constituted a deprivation of due process of law in violation of the 14th Amendment of the United States Constitution. Said actions also constituted a violation of the corollary rights secured by the Constitution of the State of New Jersey.

9

24.     Defendants committed these unlawful acts under color of State law while acting within the scope of their employment and authority vested in them by the Township of Cedar Grove, the Township of Cedar Grove Police Department, and under color of law vested in them by the Federal and State governments.

25.     The unlawful actions of the defendants deprived Plaintiffs of clearly established constitutional rights among them: (a) freedom from unlawful detention; (b) freedom from the excessive use of force; (c) freedom from unreasonable search and seizure; (d) denial of due process of law; (e) freedom from false arrest; (f) freedom from abuse of lawful process; (g) freedom from malicious prosecution; (h) freedom from the spoliation of evidence; (i) freedom from assault; (j) freedom from perjury and the filing of false police reports; (k) freedom from summary punishment, as well as, from cruel and unusual punishment; (k) freedom of speech and retaliation taken pursuant thereto; (l) freedom from being kidnapped; (m) freedom from over-officious actions of law enforcement officers who are temperamentally unfit; (n) failure of those officers who had a duty to insure that the illegal actions of other defendant officers was immediately terminated and reported; (o) freedom from reprisal for exercising one's right to freedom of expression; (p) freedom from being the victim of defamation; and (q) freedom from the intentional and negligent infliction of emotional distress.

26.     The defendants' actions, as detailed throughout the entirety of this complaint, were unreasonable, unlawful, intentional, reckless, negligent, and/or deliberately indifferent to the Plaintiffs' rights, privileges, and immunities guaranteed under the State and Federal Constitutions and laws pursuant thereto, and in violation of 42 U.S.C. 1983, 1988, and the rights guaranteed to them by the 1st, 4th, 5th, 8th, and 14th Amendments of the Constitution of the United States, and the corollary rights guaranteed by the Constitution of the State of New Jersey.

10

Said actions also deprived Plaintiffs of their right to equal protection of the laws and impeded the due course of justice.

27.     As a direct and proximate cause of the acts and conduct of the defendants, Plaintiffs suffered and continue to suffer permanent economic loss, physical injury, mental anguish and emotional loss.

**WHEREFORE,** Plaintiffs demand judgment against all defendants, both in their individual and official capacities, jointly and/or severally, for compensatory damages, and further demand judgment against each of the said defendants for punitive damages, plus the costs of this action, together with interest, reasonable attorneys fees, including but not limited to 42 U.S.C. 1988, and such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

## (STATE AND FEDERAL CIVIL RIGHTS VIOLATIONS)

28.     Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

29.     At all relevant times, the defendant police officers from the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

30.     Before the unlawful actions taken against the Plaintiffs herein, defendants Chief of Police, Jeffrey Rowe, Captain FNU Vanderstreet, Lieutenant Robert Kattas, Sergeant Kenneth J. Clark, and John Does 1-10 and Jane Does 1-10, did not establish or follow any lawful rule, regulation, policy, procedure, or custom, regarding the manner in which police officers were to approach, detain, arrest, and the proper procedures with regard to the use of force, and proper

11

prosecution of citizens, despite there being a need to do so. All defendants herein had an affirmative obligation to train and be trained in a manner so as not to violate the civil rights of citizens, and to establish and follow an effective set of rules and regulations, as well as, to maintain an effective internal affairs unit, for the protection of the citizens they serve. Prior to this incident, the defendants did not establish and/or failed to follow the proper rules, regulations, policies, and laws to insure that the citizens rights were protected, and the Plaintiffs' rights in particular, were protected and not violated. The defendants either intentionally and/or tacitly approved and condoned of the indiscriminate violation of Plaintiffs' civil rights, without just cause.

31.     Defendants knew or should have known that their failure to have any rule, regulation, policy, and/or procedure regarding the activity set forth throughout the entirety of this complaint would result in the deprivation of civil rights of individuals in the Township of Cedar Grove, and the Plaintiffs in particular. The failure of the supervisory defendants to stop the illegal actions of the defendants at the scene of the incident that forms the subject matter of this lawsuit, and their failure to properly hire, train, and/or supervise their officers and their failure to promulgate and/or follow any lawful rule, regulation, policy, or procedure regarding the activity set forth herein, in light of the obvious need for such rules, manifested a deliberate indifference to the rights, privileges, and immunities of Plaintiffs guaranteed by the Federal and State Constitutions and the Federal and State laws promulgated pursuant thereto.

32.     Additionally, the failure to have an internal affairs department that properly investigated complaints of officers' abuse of citizens of the State, created a permissive environment wherein officers knew that their unlawful acts would go unchecked and led to a cultural belief that their lawlessness was a proper exercise of their police powers. This ineffective internal affairs

12

department was known and/or should have been known and thus created a custom, practice, and/or policy of deliberate indifference to the constitutional rights of the citizenry, and the Plaintiffs in particular.

33.     As a direct and proximate cause of the acts and conduct of all defendants, Plaintiffs seek damages for permanent causally related economic injury, bodily injury, mental anguish and emotional injury and pain and suffering.

**WHEREFORE,** Plaintiffs demand judgment against all defendants, both in their individual and official capacities, jointly and severally for compensatory damages, and further demands judgment against each defendant jointly and severally for punitive damages, plus the cost of this action, together with interest, reasonable attorneys fees, including, but not limited to, 42 U.S.C. 1988, and such other relief as the court may deem just and proper.

### THIRD CAUSE OF ACTION

### (STATE AND FEDERAL CIVIL RIGHTS VIOLATIONS)

34.     Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

35.     At all relevant times, the defendant police officers from the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

36.     Defendants Chief Rowe, Capt. Vanderstreet, Lieutenant Kattas, Sergeant Clark, John and/or Jane Does 1-10, officials from the Township of Cedar Grove, and the Township of Cedar Grove Police Department knew or should have known through reasonable inquiry that members of the Cedar Grove Police Department were previously engaged in a custom, practice, and/or

policy of unconstitutional conduct directed against persons within their jurisdiction, and the Plaintiffs in particular.

37.     The persistent pattern of illegal detentions, false arrests, malicious prosecutions, abuse of process, excessive force, creation of false police reports, destruction and spoliation of evidence, assault, kidnapping, and all other causes of action and civil rights violations pled throughout the entirety of this complaint, by Cedar Grove police officers were known, or should have been known and corrected.

38.     By their failure to properly investigate or punish Cedar Grove police officers who violated the constitutional rights of members of the public, all defendants approved, ratified, condoned, and/or acquiesced in a custom, practice, and/or policy of constitutional violations by members of the Cedar Grove Police Department.   Said ratification, approval, and/or acquiescence created a permissive climate in which the Cedar Grove Police Department and its police officers, including but not limited to the defendant police officers herein, came to believe that they had a license to commit unconstitutional actions against the citizenry, such as the constitutional violations pled throughout the entirety of this complaint.  They are, therefore, directly liable and responsible for the violations of the constitutional rights of Plaintiffs as pled throughout the entirety this complaint, which resulted in their permanent physical, emotional, mental, and economic injuries.

39.     Defendants Chief Rowe, Captain Vanderstreet, Lieutenant Kattas, Sergeant Clark, and John and Jane Does 1-10 (officials from the Township of Cedar Grove and the Cedar Grove Police Department) had the responsibility and power to prevent, or aid in the preventing of constitutional injury, which resulted in the wrongs committed upon Plaintiffs as pled throughout the entirety this complaint, and said defendants could have done so through reasonable diligence,

and failed or refuse to do so, despite their awareness of the continuing illegal and unconstitutional actions committed by its police officers against the citizens of this State, and the Plaintiffs in particular.

40.    These defendants further failed to ensure that only individuals who were morally and temperamentally fit to be police officers were so hired, and failed to promptly dismiss police officers who were found, after they were hired, to be unfit for service. They had a duty to train, retrain, and supervise officers who violated the rights of citizens and to eradicate police officers that were causing those citizens' rights to be violated. Their failure to so perform violated Plaintiffs' constitutional rights, as outlined throughout the entirety of this complaint.

41.    The custom, practice, and/or policy of these violations, approved, ratified, condoned, and/or acquiesced to by these defendants who are responsible for establishing and implementing policies and procedures, and their failure to supervise and eradicate unsuitable police officers was a direct and proximate cause of the injuries sustained by Plaintiffs in violation and deprivation of the rights, privileges, and immunities guaranteed to them by State and Federal Constitutions, and pursuant to State and Federal statutes, including but not limited to, 42 U.S.C. 1983 and 1988.

42.    So too, defendant officers who were not responsible for training and supervision were still responsible for being knowledgeable as to the powers granted to them by virtue of their position as police officers, and their failure to intervene in known illegal actions constitutes an abrogation of their sworn obligation to uphold the law.

43.    As a direct and proximate cause of the acts of the defendants, Plaintiffs have been damaged and received permanent and causally related physical injuries, economic loss, mental anguish, and emotional injury.

WHEREFORE, Plaintiffs demand judgment against all defendants pled throughout the entirety this complaint, in both their individual and official capacities, jointly and severally for compensatory and punitive damages, plus the cost of this action, together with interest, reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and proper.

## FOURTH CAUSE OF ACTION

### (ASSAULT AND BATTERY)

44.     Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in preceding paragraphs of the Complaint as though the contents were fully set forth herein.

45.     At all relevant times, the defendant police officers from the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

46.     Defendants Clark, Macaluso, Conlon, Grasso, and John and/or Jane Does 1-10 did assault and batter Plaintiff without just cause by grabbing him about the neck and body, throwing him onto the ground causing him to fall with tremendous force, and thereafter forcibly handcuffing Plaintiff, James George. Said actions were in violation of accepted police practices and violated NJSA 2C: 12-1, et seq.

47.     As a result of said assault and battery, the Plaintiff was seriously and permanently injured, prevented from attending to his necessary business and personal affairs, sustained serious injuries to his back and diverse parts of his body, which were a direct and proximate result of said assault and battery by the above-mentioned defendants. Plaintiff has suffered great

16

pain and anguish of mind, significant bodily injury, and has sustained significant economic damages. All of these damages are permanent in nature and causally related.

48.     Defendants had an affirmative obligation at the scene to ensure that said assault and battery did not occur and/or to intercede and prevent the continuation of the assault and battery during the course of same.

49.     At all relevant times, defendants Township of Cedar Grove and the Cedar Grove Police Department where the employers of the individual defendants and the individual defendants were acting as its agents, servants, and employees.

50.     The Township of Cedar Grove and the Cedar Grove Police Department failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent the assault and excessive force used against Plaintiff.

51.     The Township of Cedar Grove and Cedar Grove Police Department acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties. The defendants otherwise failed to restrain the individual defendants from unlawfully and maliciously conspiring to, and in fact, assaulting and using excessive force against citizens and Plaintiff in particular in violation of the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the State of New Jersey.

52.     The Township of Cedar Grove and the Cedar Grove Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of, the wrongs that were

done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiff's rights, failed or refused to prevent their commission.

53.     Defendants Township of Cedar Grove and the Cedar Grove Police Department directly or indirectly under the color of law approved and ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual defendants.

        **WHEREFORE,** Plaintiffs demand judgment against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and equitable.

## FIFTH CAUSE OF ACTION

### (EXCESSIVE FORCE)

54.     Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

55.     At all relevant times, the defendant police officers from the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

56.     On the same date and place aforesaid, defendants Clark, Macaluso, Conlon, Grasso, and/or John Does 1-10 and/or Jane Does 1-10 were acting under color of law employed as police officers with the Cedar Grove Police Department.

57.    The defendants exceeded their authority acting as police officers in the actions that they took and while screaming at Plaintiff and without cause assaulted him as aforementioned. The defendants negligently, recklessly, intentionally, and/or with deliberate indifference used excessive and unreasonable force against the Plaintiff, James George, in violation of State and Federal law and in violation of accepted police practices. Even assuming that force was required to subdue Plaintiff, said force utilized upon Plaintiff was in excess of that needed to accomplish a legitimate police objective.

58.    As a result of the unlawful conduct of these defendants Plaintiff, James George, was deprived his personal liberty, suffered great pain and suffering, permanent physical injury, mental and emotional anguish, significant economic impact, and humiliation, and was otherwise greatly damaged.

59.    At all relevant times, defendants Township of Cedar Grove and the Cedar Grove Police Department where the employers of the individual defendants and the individual defendants were acting as its agents, servants, and employees.

60.    The Township of Cedar Grove and the Cedar Grove Police Department failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent the assault and excessive force used against Plaintiff.

61.    The Township of Cedar Grove and Cedar Grove Police Department acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties. The defendants otherwise failed to restrain the individual defendants from unlawfully and

maliciously conspiring to, and in fact, assaulting and using excessive force against citizens and Plaintiff in particular in violation of the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the State of New Jersey.

62.     The Township of Cedar Grove and the Cedar Grove Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of, the wrongs that were done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiff's rights, failed or refused to prevent their commission.

63.     Defendants Township of Cedar Grove and the Cedar Grove Police Department directly or indirectly under the color of law approved and ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual defendants.

64.     Defendants had an affirmative obligation at the scene to ensure that said excessive force did not occur and/or to intercede and prevent the continuation of the excessive force during the course of same.

**WHEREFORE,** Plaintiffs demand judgment on this count against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and equitable.

## SIXTH CAUSE OF ACTION

### (FALSE ARREST, ARREST FOR AN ORDINANCE VIOLATION, FALSE IMPRISONMENT AND UNLAWFUL DETENTION)

65.     Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

66.     At all relevant times, the defendant police officers from the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

67.     Plaintiffs were wrongfully detained, falsely arrested, and falsely imprisoned by defendant officers, despite the lack of probable cause for the arrest and/or charges.

68.     There was no warrant for the arrest for Plaintiffs James George and/or Ronald George. The actions of the police officers effectively constituted a detention and arrest of both James George and Ronald George, a juvenile.  The detention and arrests were without reasonable grounds for said defendants to believe Plaintiffs had committed a crime, and defendants knew or should have known that the detention and/or arrest was without probable cause, and/or the predicate facts upon which the arrest and/or detention were made was untrue.

69.     Even assuming the defendants had probable cause to believe that Plaintiff James George had committed the offenses for which he was eventually charged, said arrest and imprisonment were illegal in that James George was only charged with a municipal ordinance.  Arrest for ordinance violations is prohibited as a matter of law.  As such, an arrest for discharging a firearm, a municipal ordinance violation, is illegal.  Additionally, there are no facts and circumstances to justify the detention and/or arrest of Ronald George.

70.     Plaintiffs were falsely arrested and falsely imprisoned for offenses that were not supported by probable cause, in addition to, the fact that arrest for ordinance violations are prohibited.

71.     Despite this, Plaintiff James George was placed in handcuffs, detained, transported to the Cedar Grove Police Department and held there against his will. Ronald George was unlawfully detained by the police, transported to the police department against the objections of his parents, and was held at the Cedar Grove Police Department against his will, and the will of his parents. Upon information and belief, Ronald George, in violation of law, was also questioned by the police outside the presence of his parents, despite their availability.

72.     The acts of the defendants constituted an unlawful and false arrest and an unlawful and false imprisonment.

73.     Plaintiffs were conscious of their confinement and did not consent to same, and were otherwise falsely imprisoned. As a result of their concerted unlawful arrest and unlawful imprisonment of Plaintiffs, the defendants deprived Plaintiffs of their liberty without due process of law and deprived Plaintiffs of the equal protection of laws in violation of the 4th, 5th, and 14th Amendments of the United States and State of New Jersey Constitutions. The acts of the defendants constituted a false arrest and false imprisonment under the statutes and regulations of the State of New Jersey, as well as, under Federal law, including but not limited to 42 U.S.C. 1983.

74.     The conduct of the defendant officers, acting individually and in conspiracy with others, resulted in Plaintiffs being falsely, maliciously, and unlawfully arrested and imprisoned and detained, and thereby deprived Plaintiffs of their right to be free from unreasonable and unlawful seizure of their person(s), in violation of the equal protection of law and due process of law in

violation of the 4th and 14th Amendments of the Constitution of the United States, 42 U.S.C. 1983, and the laws of the State of New Jersey.

75.     All of the acts described above were undertaken in a willful and malicious manner, with immoral purpose, to unjustly enrich defendants and to injure the reputation, standing, and integrity of Plaintiffs, to their detriment. Defendants are, therefore, liable to Plaintiffs for punitive damages in addition to compensatory damages.

76.     Defendant officers also had an affirmative obligation to ensure that said false arrest and false imprisonment by other officers did not occur and/or to intercede and prevent the continuation of same.

77.     After the arrest, Plaintiff, James George, he was forced and compelled to appear on numerous occasions before the Cedar Grove and Little Falls Municipal Court(s) under penalty of having an arrest warrant issued against him for failure to appear if he did not do so, and as a consequence to the filing of false charges against him. The arrest and confinement of James George lacked reasonable suspicion and/or probable cause and all Defendants' knew or should have known this to be the case both prior to the false arrest, detention, and imprisonment, and throughout the continued prosecution of Plaintiff.

78.     Defendants, Township of Cedar Grove, Cedar Grove Police Department, Rowe, Clark, Vanderstreet, Macaluso, Conlon, Grasso, Kattas, and John Does (1-10) and Jane Does (1-10) maliciously and without probable cause detained, arrested, and imprisoned Plaintiffs and/or knowing of the falsity of the above did nothing to prevent same, thereby allowing these false arrest and imprisonment to continue. By their actions, and inactions when they had a legal duty to do otherwise, they failed to prevent the illegal detention, arrest, and imprisonment of Plaintiffs.

79.    In addition to the deprivation of his liberty on the date of the arrest, James George was required to appear, and was tried, in municipal court on numerous occasions, as a proximate cause of his illegal arrest, imprisonment, and prosecution.

80.    At all relevant times, defendants Township of Cedar Grove and the Cedar Grove Police Department where the employers of the individual defendants and the individual defendants were acting as its agents, servants, and employees.

81.    The Township of Cedar Grove and the Cedar Grove Police Department failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent the false arrest, detention, imprisonment, and malicious prosecution of the Plaintiffs.

82.    The Township of Cedar Grove and Cedar Grove Police Department acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties and otherwise failed to restrain the individual defendants from unlawfully and maliciously conspiring to cause the unlawful detention, false arrest, false imprisonment, and malicious prosecution of Plaintiffs in violation of the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the State of New Jersey.

83.    The Township of Cedar Grove and the Cedar Grove Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of, the wrongs that were done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiffs' rights, failed or refused to prevent their commission.

24

84.     Defendants Township of Cedar Grove and the Cedar Grove Police Department directly or indirectly under the color of law approved and ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual defendants.

85.     As a direct and proximate cause of the defendants' actions as described above, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions in arresting, detaining and imprisoning Plaintiffs, James George and Ronald George, were greatly humiliated and disgraced, suffered permanent and causally related great mental and anguish, physical injury, emotional stress and harm. James George was also forced to undergo the rigors and strain of preparation of a defense of the false charges and appearing in the Little Falls Municipal Court in defense of said charges. Plaintiffs have suffered resultant anxiety, loss of sleep, and other damages, including but not limited to, incurring extensive legal and medical expenses and other economic harm in connection with the false charges and prosecution, suffered severe damage to their reputation and standing in the community, were forced to undergo the rigors and strain of an unlawful detention, false arrest, false imprisonment, and malicious prosecution and have otherwise been damaged and injured in diverse other manners, to their detriment.

     **WHEREFORE,** Plaintiffs demand judgment on this count against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and equitable.

## SEVENTH CAUSE OF ACTION

### (KIDNAPPING)

86.　Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

87.　At all relevant times, the defendant police officers from the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

88.　Plaintiffs James George and Cheryl George are the parents of Ronald George. James George and Cheryl George and were legally responsible for the health, safety, and welfare of Ronald George

89.　On the same date and place, as aforesaid, defendants Clark, Macaluso, Conlon, Grasso, and/or John and/or Jane Does 1-10 were acting under color of law employed as police officers with the Cedar Grove Police Department.

90.　There was no probable cause and/or any other justifiable reason to detain and/or arrest and imprison Plaintiff Ronald George, a juvenile who has not attained the age of majority. James George voiced his objection and disapproval with the seizing of his child. Despite this, however, the defendants seized and detained Ronald George against his parents' permission. The seizure of a child by another absent a lawful and justifiable reason amounts to kidnapping pursuant to NJSA 2C: 13-1, et seq., in addition to being an unlawful seizure under the 4th Amendment of the United States Constitution, and corollary provisions of the New Jersey State Constitution. Thus, Plaintiffs James George (father of Ronald), Cheryl George (mother of Ronald), and Ronald George were all damaged.

91.     Defendants had an affirmative obligation to ensure that said kidnapping did not occur and/or to intercede and prevent its continuation during the course of same, when being committed by other officers.

92.     The conduct of the defendant officers, acting individually and in conspiracy with others, resulted in Plaintiff Ronald George being kidnapped and/or unlawfully seized and thereby deprived Plaintiffs of their right to be free from unreasonable and unlawful seizure of his person, in violation of the equal protection of law and due process of law in violation of the 4th and 14th Amendments of the Constitution of the United States, 42 U.S.C. 1983, and the laws of the State of New Jersey.

93.     The Township of Cedar Grove and the Cedar Grove Police Department failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent these injuries.

94.     The Township of Cedar Grove and Cedar Grove Police Department acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties and otherwise failed to restrain the individual defendants from unlawfully and maliciously conspiring to cause these injuries, in violation of the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the State of New Jersey.

95.     The Township of Cedar Grove and the Cedar Grove Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the

27

individual defendants on a continuing basis should have had knowledge of, the wrongs that were done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiff's rights, failed or refused to prevent their commission.

96.    Defendants Township of Cedar Grove and the Cedar Grove Police Department directly or indirectly under the color of law approved and ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual defendants.

97.    As a direct and proximate cause of the defendants' actions as described above, Plaintiffs were greatly humiliated and disgraced, suffered great mental and physical anguish, emotional stress and harm, and economic expense. They have suffered resultant anxiety, loss of sleep, and other damages, including but not limited to, incurring extensive legal and medical expenses and economic losses and have otherwise been damaged and injured in diverse other manners, to their detriment.

WHEREFORE, Plaintiffs demand judgment on this count against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and equitable.

## EIGHTH CAUSE OF ACTION

### (AGAINST ALL DEFENDANTS FOR MALICIOUS PROSECUTION)

98.    Plaintiffs, repeats, realleges, and reincorporate each and every allegation contained in preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

99.     At all relevant times, the defendant police officers from the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

100.    On or about November 26, 2003, and on days thereafter, defendant officers illegally and improperly caused a criminal complaint to be issued against Plaintiff, James George, said complaint having no basis in fact or law and was issued maliciously and with the motivation to falsely arrest, detain imprison and maliciously prosecute Plaintiff and which complaint falsely accused Plaintiff of the resisting arrest, and other offenses.

101.    Plaintiff was falsely arrested, detained, imprisoned and maliciously prosecuted by defendant officers, despite the lack of probable cause for the arrest and/or institution of the charges.

102.    The conduct of the defendant officers, acting individually and in conspiracy with others, resulted in Plaintiff being falsely and unlawfully arrested and detained, maliciously prosecuted and thereby deprived Plaintiff of his right to be free from unreasonable and unlawful seizure of his person, in violation of the equal protection of law and due process of law in violation of the 4th and 14th Amendments of the Constitution of the United States, 42 U.S.C. 1983, and the laws of the State of New Jersey.

103.    All of the acts described above were undertaken in a willful and malicious manner, with immoral purpose, to unjustly enrich and benefit defendants and to injure the reputation, standing, and integrity of Plaintiff, to his detriment.   Defendants are, therefore, liable to Plaintiff for punitive damages in addition to compensatory damages.

104. The charges instituted against James George were false, and lacked reasonable and/or probable cause and all Defendants knew or should have known this to be the case both prior to the false arrest, detention, and imprisonment, institution of charges against Plaintiff and throughout the continued prosecution of Plaintiff prior to and during the trial.

105. Plaintiff was compelled to retain the services of an attorney to represent and defend him on the charges. Said matter was tried on divers dates before the Little Falls Municipal Court, whereupon the charges brought against Plaintiff were dismissed and a not guilty finding was entered on his behalf subsequent to witnesses been presented both by the State and defense. Hence, the criminal proceeding terminated favorably to Plaintiff and not in a manner that was adverse to him.

106. Defendants, Township of Cedar Grove, Cedar Grove Police Department, Rowe, Clark, Vanderstreet, Macaluso, Conlon, Grasso, Kattas, and John Does (1-10) and Jane Does (1-10) maliciously and without probable cause, had caused the commencement of criminal actions against Plaintiff James George knowing their falsity and did nothing to prevent same, thereby allowing these false charges to be prosecuted at trial. By their actions, and inactions when they had a legal duty to do otherwise, they failed to prevent and stop the commencement of charges and continued criminal prosecution of Plaintiff.

107. Defendants had an affirmative obligation to ensure that said malicious prosecution did not occur and/or to intercede and prevent its continuation during the course of same.

108. In addition to the deprivation of his liberty on the date of the arrest, James George was required to appear, and was tried, in municipal court on numerous occasions, under process of law.

30

109.    At all relevant times, defendants, Township of Cedar Grove and the Cedar Grove Police Department, were the employers of the individual defendants and the individual defendants were acting as its agents, servants, and employees.

110.    The Township of Cedar Grove and the Cedar Grove Police Department failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent the false arrest, detention, imprisonment, and malicious prosecution of the Plaintiff.

111.    The Township of Cedar Grove and Cedar Grove Police Department acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties and otherwise failed to restrain the individual defendants from unlawfully and maliciously conspiring to cause the false arrest and malicious prosecution of citizens and the Plaintiff in particular in violation of the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the State of New Jersey.

112.    The Township of Cedar Grove, the Cedar Grove Police Department and all defendants pled herein had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of, the wrongs that were done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiff's rights, failed or refused to prevent their commission.

113.    Defendants Township of Cedar Grove, the Cedar Grove Police Department and all defendants pled herein directly or indirectly under the color of law approved and ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual defendants.

31

114.    As a direct and proximate cause of the defendants' actions as described above, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions in arresting, detaining and imprisoning and maliciously prosecuting the Plaintiff, Plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, emotional stress and harm, and was forced to undergo the rigors and strain of preparation for his defense of the false charges and appearing in the Little Falls Municipal Court to defend himself. Plaintiff has suffered resultant anxiety, loss of sleep, and other damages, including but not limited to, incurring extensive legal and medical expenses in connection with the false charges and prosecution, suffered severe damage to his reputation and standing in the community, suffered severe mental and emotional anguish, and was forced to undergo the rigors and strain of a false arrest, detention and imprisonment, and prosecution and has otherwise been damaged and injured in diverse other manners, to his detriment.

**WHEREFORE,** Plaintiffs demand judgment on this count against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and equitable.

## NINTH CAUSE OF ACTION

## (AGAINST ALL DEFENDANTS FOR ABUSE OF PROCESS)

115.    Plaintiff James George, realleges, and reincorporates each and every allegation contained throughout the preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

116.   At all relevant times, the defendant police officers from the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

117.   Defendants maliciously and without probable cause, had caused the commencement of criminal actions against Plaintiff George, and caused him to be arrested.

118.   The defendants maliciously and without probable cause had caused the commencement of criminal actions against Plaintiff, James George, and caused him to be arrested and, thereafter, prosecuted on charges of resisting arrest. All defendants knew, or should have known, that the charges were bogus and filed in the absence of probable cause. Many defendants ordered and/or acquiesced in the destruction of evidence useful to the Plaintiffs, and ordered the destruction and of rewriting of official investigative submissions in order to continue to perpetrate the cover-up of the illegality of their actions against Plaintiffs. Other defendants rewrote their reports so as to destroy information favorable to the Plaintiffs (exculpatory information), in an effort to cover-up their illegal actions and to secure a false conviction of James George.

119.   Defendants willfully made an improper, illegal, perverted and continued use of the criminal process in an effort to gain an otherwise collateral advantage, as well as, maliciously injure Plaintiffs, cover-up their illegal actions, and to humiliate and intimidate the Plaintiffs throughout the course of the criminal prosecution.

120.   As a result of the aforesaid, Plaintiff James George was forced to defend himself in court, was required to pay monies to secure the services of an attorney, and was otherwise deprived of his liberty in violation of State and Federal law.

121.    The Township of Cedar Grove, the Cedar Grove Police Department, and all defendants pled herein failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent the false arrest, detention, imprisonment, and malicious prosecution of the Plaintiff.

122.    The Township of Cedar Grove, the Cedar Grove Police Department, and all defendants pled herein acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties and otherwise failed to restrain the individual defendants from unlawfully and maliciously conspiring to abuse lawful process for a perverted purpose against citizens and Plaintiff in particular, in violation of the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the State of New Jersey.

123.    The Township of Cedar Grove and the Cedar Grove Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of, the wrongs that were done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiff's rights, failed or refused to prevent their commission.

124.    Defendants Township of Cedar Grove and the Cedar Grove Police Department directly or indirectly under the color of law approved and ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual defendants.

125.    As a direct and proximate cause of the defendants' actions as described above, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions in arresting, detaining and imprisoning, maliciously prosecuting and abusing process against Plaintiff, Plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, emotional stress and harm, and was forced to undergo the rigors and strain of preparation for his defense of the false charges and appearing in the Little Falls Municipal Court to defend himself.  Plaintiff has suffered resultant anxiety, loss of sleep, and other damages, including but not limited to, incurring extensive legal and medical expenses in connection with the false charges and prosecution, suffered severe damage to his reputation and standing in the community, was forced to undergo the rigors and strain of a false arrest, detention and imprisonment, and prosecution and has otherwise been damaged and injured in diverse other manners, to his detriment.

126.    Defendants had an affirmative obligation to ensure that said abuse of process did not occur and/or to intercede and prevent its continuation during the course of same.

127.    In addition to the deprivation of his liberty on the date of the arrest, James George was required to appear in municipal court on numerous occasions, as a proximate cause of the illegal arrest, malicious prosecution, and abuse of process.

128.    As a direct and proximate cause of the acts of the defendants, Plaintiffs have sustained damages for physical pain and suffering, mental and emotional injury, legal and medical expenses and economic loss.

**WHEREFORE,** Plaintiffs demand judgment on this count against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and

severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and equitable.

## TENTH CAUSE OF ACTION

### (FRAUDULENT CONCEALMENT, INTENTIONAL AND/OR NEGLIGENT SPOLIATION OF EVIDENCE)

129. Plaintiffs, repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

130. At all relevant times, the defendant police officers from the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

131. Defendants were in the exclusive possession and control of documents and other evidence which has been lost, misplaced, and/or destroyed even though Defendant's were aware of Plaintiffs' claim. Specifically, defendants destroyed reports and official investigations into this matter, and wrote subsequent reports. Based upon information and belief, the destroyed reports were later changed so as to purposely conceal the illegality of the detention, arrest, assault and excessive force, and malicious prosecution of Plaintiffs. They were also used to continue the prosecution and abuse of process against Plaintiffs.

132. Said documents and other evidence would be damaging to Defendants.

133. Upon information and belief, police officers wrote official investigative submissions about the incident. Thereafter, defendant police officers Macaluso, Clark, and possibly other police officer(s), were ordered to alter their official and sworn investigative reports by superior officers, including but not limited to, Defendants Chief Jeffrey Rowe, Lieutenant Robert Kattas

and Capt. FNU Vanderstreet , Sergeant Kenneth Clark and John Does (1-10) and Jane Does (1-10). Based upon information and belief, the original investigative reports were thereafter destroyed, preventing Plaintiffs from using them in his (James George's) defense of the criminal charges and their (James George and Ronald George's) prosecution of this civil complaint.

134.    Said changes in the report were of a substantial nature and said evidence was destroyed to unjustifiably charge and convict James George of an offense he did not commit, and to justify the unlawful apprehension and detention of Ronald George.   Said actions also constituted perjury.

135.    As a result of the aforesaid, Plaintiff James George was forced to defend himself in court, was required to pay monies to secure the services of an attorney, and was otherwise deprived of his liberty in violation of State and Federal law.

136.    All Defendants had an affirmative obligation to ensure that official sworn investigative submissions were not altered and/or destroyed, and that the testimony of other defendant officers was not perjurous.  The destruction of these reports was specifically done so that the perjury remained unexposed.  Further, based upon information and belief all defendants were knew or should have known that numerous investigative reports were destroyed and that new reports were prepared in which significant areas of the factual underpinnings of this incident and that were of a substantial nature, were falsely used in a conspiracy to falsely convict James George and justify the unlawful detention of his son, Ronald George, and to prevent the Plaintiffs from prosecuting a civil action against them for the reasons stated throughout the entirety of this complaint.

37

137.    In addition to the deprivation of his liberty on the date of the arrest, James George was required to appear in municipal court on numerous occasions, as a proximate cause of his illegal arrest and prosecution, and with the aid of the destroyed reports.

138.    The Township of Cedar Grove and the Cedar Grove Police Department failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent the destruction of official investigative reports.

139.    The Township of Cedar Grove and Cedar Grove Police Department acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties and otherwise failed to restrain the individual defendants from unlawfully and maliciously conspiring to destroy official investigative reports, in violation of the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the State of New Jersey.

140.    The Township of Cedar Grove and the Cedar Grove Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of, the wrongs that were done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiffs' rights, failed or refused to prevent their commission.

141.    Defendants Township of Cedar Grove and the Cedar Grove Police Department directly or indirectly under the color of law approved and ratified the unlawful destruction of official investigative reports.

142.   As a direct and proximate cause of the defendants' actions as described above, Plaintiffs were greatly humiliated and disgraced, suffered great mental and physical anguish, emotional stress and harm, and was forced to undergo the rigors and strain of preparation for the defense of Plaintiff, James George of the false charges and appearing in the Little Falls Municipal Court to defend himself.  Plaintiffs have suffered resultant anxiety, loss of sleep, and other damages, including but not limited to, incurring extensive legal and medical expenses in connection with the false charges and prosecution, suffered severe damage to their reputations and standing in the community, were forced to undergo the rigors and strain of a false arrest, detention and imprisonment, and prosecution and have otherwise been damaged and injured in diverse other manners, to their detriment.  So too, Plaintiffs have been damaged in pursing this civil claim by the destruction of these reports.

**WHEREFORE,** Plaintiffs demand judgment on this count against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and equitable.

Plaintiff will separately seek sanctions for the destruction of these reports, pursuant to State and Federal law.

39

## ELEVENTH CAUSE OF ACTION

## (FALSE POLICE REPORTS AND PERJURY)

143.    Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were fully set forth at length herein.

144.    At all relevant times, the individually named defendants were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the Township of Cedar Grove and the Cedar Grove Police Department.

145.    All defendants by affirmative actions, and by their failure to act when required by law to do so, committed perjury by way of the submission and acquiescence of the use of false and perjured police reports and false and perjured trial testimony.

146.    These police reports were written with knowledge of their falsity and for the purpose to falsely convict James George for offenses he did not commit, and to justify the unlawful detention of Ronald George.

147.    Said perjury was actively engaged in by all defendants who prepared reports in this matter, in addition to, defendant supervisory personnel who were either aware of said perjury, or actually ordered defendant officers to change their reports and testimony, so as to falsely convict James George of an offense he did not commit, and to justify the unlawful detention of Ronald George.

148.    All defendants herein are responsible for said false reports and perjury by either actively participating in same, or failing to act to expose the illegal conduct.  Superior officer defendants by condoning said practice, or by not instituting a policy or practice with effective and

meaningful punishment where false reports and perjury were not condoned, allowed the false reports and perjury to occur. Their condonation and acquiescence of allowing falsified reports and perjured testimony created a custom, practice, and/or policy wherein police officers are not punished for destroying and changing their reports and providing false reports and testimony, which led to constitutional injury to Plaintiffs.

149. All defendants had an affirmative obligation to ensure that official sworn investigative submissions were not altered and/or destroyed, and that the testimony of other defendant officers was not perjurous. Further, based upon information and belief, all defendants were aware that numerous investigative reports were destroyed and that new reports were prepared which in significant areas changed the factual underpinnings of this incident that were of a substantial nature, and that same would be used in a conspiracy to falsely convict James George and justify the unlawful detention of his son, Ronald George, through the use of perjured testimony. Said actions were also taken to cover-up their illegal actions, so as to prevent the Plaintiffs from pursuing a civil action against them for damages sustained as a result of their unconstitutional conduct.

150. In addition to the deprivation of his liberty on the date of the arrest, James George was required to appear in municipal court on numerous occasions, as a proximate cause of his illegal arrest, prosecution, and falsified reports and perjury.

151. All of the acts described above were undertaken in a willful and malicious manner, with immoral purpose, to unjustly enrich and benefit the defendants and to injure the reputation, standing, and integrity of Plaintiffs, to their detriment. Defendants are, therefore, liable to Plaintiffs for punitive damages in addition to compensatory damages.

152. Defendants had an affirmative obligation to ensure that the destruction of official investigative reports were not destroyed, that thereafter falsified reports were not submitted, and that the use of perjured testimony did not occur. Defendants also had an affirmative obligation to intercede and prevent the continuation of these illegal actions.

153. In addition to the deprivation of his liberty on the date of the arrest, James George was required to appear, and was tried, in municipal court on numerous occasions, as a proximate cause of his illegal arrest, prosecution which was aided by the destruction of reports, creation of false reports, and perjured testimony.

154. At all relevant times, defendants, Township of Cedar Grove and the Cedar Grove Police Department, were the employers of the individual defendants who were acting as its agents, servants, and employees.

155. The Township of Cedar Grove and the Cedar Grove Police Department failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent these harms.

156. The Township of Cedar Grove and Cedar Grove Police Department acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties and otherwise failed to restrain the individual defendants from unlawfully destroying official investigative reports, preparing of false reports, use of perjured testimony, and maliciously conspiring to cause the false arrest and malicious prosecution of Plaintiff in violation of the

42

rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the State of New Jersey.

157. The individual defendants employed by the township of Cedar Grove and the Cedar Grove Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of, the wrongs that were done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiff's rights, failed or refused to prevent their commission.

158. All defendants employed by the Township of Cedar Grove and the Cedar Grove Police Department directly or indirectly under the color of law approved and ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual defendants.

159. As a direct and proximate cause of the defendants' actions as described above, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions Plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, emotional stress and harm, and was forced to undergo the rigors and strain of preparation for his defense of the false charges and appearing in the Little Falls Municipal Court to defend himself. Plaintiff has suffered resultant anxiety, loss of sleep, and other damages, including but not limited to, incurring extensive legal and medical expenses in connection with the false charges and prosecution, suffered severe damage to his reputation and standing in the community, was forced to undergo the rigors and strain of a false arrest, detention and imprisonment, and prosecution and has otherwise been damaged and injured in diverse other manners, to his detriment.

**WHEREFORE,** Plaintiffs demand judgment on this count against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the

43

defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and equitable.

## TWELFTH CAUSE OF ACTION

## (NEGLIGENT HIRING AND NEGLIGENT SUPERVISION)

160.   Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

161.   At all relevant times, the defendants were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department.

162.   At all times relevant to this complaint, the defendant officers were acting under the direction, supervision, and control of defendants Chief Jeffrey Rowe, Capt. FNU Vanderstreet, Lieutenant Robert Kattas, Sergeant Kenneth J. Clark, and John Does (1-10) and Jane Does (1-10).

163.   Acting under color of law and pursuant to official policy, practice and/or custom, defendants Chief Jeffrey Rowe, Captain FNU Vanderstreet, Lieutenant Robert Kattas, Sergeant Kenneth J. Clark, and John Does (1-10) and Jane Does (1-10) and defendants Township of Cedar Grove and Cedar Grove Police Department knowingly, recklessly, negligently, and/or with deliberate indifference and callous disregard of the citizens' rights hired officers who were not temperamentally fit and/or otherwise did not qualify to be police officers pursuant to the rules and regulations promulgated by the Police Training Commission and/or laws, rules, and regulations, pursuant to New Jersey State law.

44

164. Additionally, defendants Chief Jeffrey Rowe, Captain FNU Vanderstreet, Lieutenant Robert Kattas, Sergeant Kenneth J. Clark, and John Does (1-10) and Jane Does (1-10) and defendants Township of Cedar Grove and Cedar Grove Police Department failed to instruct, supervise, control and discipline on a continuing basis police officers from their department, and the defendant police officers in this matter in particular. The unlawful actions of the defendants deprived Plaintiffs of clearly established constitutional rights among them: (a) freedom from unlawful detention; (b) freedom from the excessive use of force; (c) freedom from unreasonable search and seizure; (d) denial of due process of law; (e) freedom from false arrest; (f) freedom from abuse of lawful process; (g) freedom from malicious prosecution; (h) freedom from the spoliation of evidence; (i) freedom from assault; (j) freedom from perjury and the filing of false police reports; (k) freedom from summary punishment, as well as, from cruel and unusual punishment; (k) freedom of speech and retaliation taken pursuant thereto; (l) freedom from being kidnapped; (m) freedom from over-officious actions of law enforcement officers who are temperamentally unfit and those officers who had a duty to insure that the illegal actions of other defendant officers was immediately reported and terminated; and (n) freedom from all of the causes of action pled in the entirety of this complaint.

165. The failure of these defendants to instruct, supervise, control, and discipline all officers of the Cedar Grove Police Department for a significant time prior to the incident that forms the subject matter of this lawsuit created a custom, practice, and/or policy of deliberate indifference in their failure to act in a manner where there was an obvious need to so train and supervise. These defendants had knowledge, or had they diligently exercised their duties to instruct, supervise, control, and discipline on an ongoing basis, should have had knowledge that the wrongs conspired to be done as hereto for alleged, were likely to be committed again. These

defendants had the power to prevent or aid in the prevention of the commission of said wrongs and could have done so by reasonable diligence. These defendants knowingly, recklessly, negligently, and/or with deliberate indifference to failed or refused to do so.

166.    As such, the defendants directly or indirectly under color of law, approved or ratified the unlawful actions of its police officers who they are responsible for. As a direct and proximate cause of the action and inaction of defendants Chief Jeffrey Rowe, Captain FNU Vanderstreet, Lieutenant Robert Kattas, Lieutenant Kenneth J. Clark, John Does (1-10) and Jane Does (1-10), the Township of Cedar Grove and the Cedar Grove Police Department, the Plaintiffs suffered physical injury, economic loss, emotional injury, and severe mental anguish in contravention to the rights guaranteed by the Federal and State Constitutions and statutes, rules, and regulations promulgated pursuant thereto.

167.    The Township of Cedar Grove and the Cedar Grove Police Department failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent the illegalities that have been pled throughout the entirety of this complaint.

168.    The Township of Cedar Grove and Cedar Grove Police Department acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties and otherwise failed to restrain the individual defendants from unlawfully and maliciously conspiring to violate the rights as pled throughout the entirety of this complaint and in violation of the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the State of New Jersey.

169.    The Township of Cedar Grove and the Cedar Grove Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of, the wrongs that were done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiff's rights, failed or refused to prevent their commission.

170.    Defendants Township of Cedar Grove and the Cedar Grove Police Department directly or indirectly under the color of law approved and ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual defendants.

171.    As a direct and proximate cause of the defendants' actions as described above, Plaintiffs were greatly humiliated and disgraced, suffered great mental anguish and physical injury, great economic loss, emotional stress and harm, and was forced to undergo the rigors and strain of preparation for his defense of the false charges and appearing in the Little Falls Municipal Court to defend himself. Plaintiffs have suffered resultant anxiety, loss of sleep, and other damages, including but not limited to, incurring extensive legal and medical expenses, suffered severe damage to their reputation and standing in the community, was forced to undergo the rigors and strain of a false arrest, detention and imprisonment, and prosecution and has otherwise been damaged and injured in diverse other manners, to their detriment.

**WHEREFORE,** Plaintiffs demand judgment on this count against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and equitable.

47

## THIRTEENTH CAUSE OF ACTION

## (DEFAMATION – LIBEL AND SLANDER)

172.    Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the complaint as though the contents were fully set forth herein.

173.    At all relevant times, the defendant police officers from the Township of Cedar Grove and the Cedar Grove Police Department were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the Township and/or its police department.

174.    Defendants made on numerous occasions, and do so to this date, false and defamatory statements (both written and verbal), in private and in public to third parties concerning Plaintiff, James George, both about his professional and personal life, and have accused Plaintiff of having committed an offense that he did not commit.   Defendants communicated these false and defamatory statements to third parties with actual knowledge that the statements were false or with reckless disregard of which truth or falsity, thereby causing the Plaintiff to incur actual damages.

175.    This cause of action is pled as both public and private defamation cause of action.

176.    Said defamatory statements were injurious to the reputation of the Plaintiff, or subjected him to hatred, contempt, ridicule, loss of the goodwill and confidence felt toward him by others, or which had a tendency to injure him in his trade and business.

177.    Defendants acted negligently in failing to ascertain the truth or falsity of said statements before communicating the statements, or acted knowing that the statements were false, or acted in reckless disregard of the truth or falsity and/or acting negligently in failing to ascertain the falsity of the statements.

48

178. The false statements by Defendants were made to third persons with the understanding that the defamatory statements related to Plaintiff. Such statements were made both orally and in writing thus constituting slander and libel.

179. The false statements related, to among other things and without limitation, Plaintiff's personal life, honesty, and inability to conduct himself as a law abiding citizen. Additionally, these comments constitute slander per se.

180. As a direct and proximate result of said conduct, Plaintiff has suffered loss and harm including mental suffering, loss of his reputation, and physical distress.

**WHEREFORE**, Plaintiffs demand the entry of judgment against the Defendants for compensatory damages punitive damages, and attorneys' fees and costs of suit

## FOURTEENTH CAUSE OF ACTION

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

181. Plaintiffs, repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

182. At all relevant times, the defendants were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment for same.

183. All defendants unlawfully and maliciously interfered with all Plaintiffs as has been detailed throughout the entirety of this complaint. Said interference was without lawful authority and was committed for the purpose of harassing and intimidating Plaintiffs, or in reckless disregard thereof.

184. Defendants' conduct was intentional, malicious, extreme and outrageous, and done for the purpose of causing humiliation, mental anguish, emotional upsetment, and physical distress.

49

Said conduct was also negligent and/or grossly negligent and said conduct was foreseeable to be a likely cause of humiliation, mental anguish, emotional upsetment and physical distress. This cause of action is pled under both intentional and negligent infliction of emotional distress causes of action.

185.    Defendants The Township of Cedar Grove, the Cedar Grove Police Department and all individual defendants failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent the false arrest, detention, imprisonment, and malicious prosecution, and other causes of action pled throughout the entirety of this complaint.

186.    The Township of Cedar Grove, Cedar Grove Police Department, and individually named defendants acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties and otherwise failed to restrain the individual defendants from unlawfully and maliciously conspiring to cause violations of the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the State of New Jersey.

187.    The Township of Cedar Grove and the Cedar Grove Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of, the wrongs that were done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiffs' rights, and failed or refused to prevent their commission.

188.    All defendants directly or indirectly under the color of law approved and ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual defendants.

189.    As a direct and proximate cause of the defendants' actions as described above, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions Plaintiffs were greatly humiliated and disgraced, suffered great mental anguish and physical injury, emotional stress and harm. Plaintiffs have suffered resultant anxiety, loss of sleep, and other damages, including but not limited to, incurring extensive legal, medical, and economic expenses in connection with the false charges and prosecution, suffered severe damage to his reputation and standing in the community, and has otherwise been damaged and injured in diverse other manners, to their detriment.

WHEREFORE, Plaintiffs demand judgment on this count against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys' fees.

## FIFTEENTH CAUSE OF ACTION

### (COMMON LAW AND CIVIL RIGHTS CONSPIRACY)

190.    Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the complaint as though the contents were fully set forth herein.

191.    At all relevant times, the defendants were the employees, agents, and servants of defendants, Township of Cedar Grove Township and Cedar Grove Police Department and were, at all times, acting in the course of their employment with the police department and Township.

51

192.     Commencing on or about November 26, 2003, then continuing each day thereafter to the present, each of the individually named defendants, including John Does (1-10) and Jane Does (1-10), formed an alliance and agreed to violate Plaintiffs' civil rights including the right to due process and all rights secured by the State and Federal Constitution and causes of action pled herein.  Conspiracies in this count are plead under State and Federal law, both as common law and State and Federal civil rights conspiracies.

193.     Acts in furtherance of the conspiracy included, but are not limited to, the affirmative act of obstruction of justice by the filing of false and misleading reports, the destruction of reports favorable to Plaintiffs, and each defendants having agreed to falsely state the involvement of Plaintiff in order to cover-up their illegal arrest and detention of Plaintiffs, James George and Ronald George.  The conspiracy also resulted in each defendant agreeing to falsely report and eventually falsely testify as to the involvement and actions of other defendant officers at the scene of the incident that forms the subject matter of this lawsuit.

194.     Each individually named defendant agreed to falsely state the involvement of other defendant officers in the false arrest, malicious prosecution, and false imprisonment and unlawful detention of Plaintiffs, and other causes of action pled throughout the entirety of this complaint.  In furtherance of this agreement, the defendants prepared false and misleading reports, statements, memorandum, and other documents and testimony regarding the incident involving the Plaintiffs.

195.     All defendants herein are responsible for said perjury by either actively participating in same, and/or by condoning said practice, or not instituting a policy or practice wherein perjury was not condoned.  Their condonation and acquiescence of allowing perjured information created a custom, practice, and/or policy wherein police officers are not punished for changing

52

their reports and providing false reports and testimony and conspiring to violate the rights of the citizenry, and Plaintiffs in particular.

196.    Based upon information and belief, the Cedar Grove Police Department has had a history of officers who have conspired to violate the rights of citizens of the State. The failure of these defendants to instruct, supervise, control and discipline all officers of the Cedar Grove Police Department for a significant time prior to the incident that forms the subject matter of this lawsuit created a custom, practice, and/or policy of deliberate indifference in their failure to act in a manner where there was an obvious need to so train and supervise. These defendants had knowledge, or had they diligently exercised their duties to instruct, supervise, control, and discipline their officers on an ongoing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were likely to be committed. These defendants had the power to prevent or aid in the prevention of the commission of said wrongs and could have done so by reasonable diligence. These defendants knowingly, recklessly, negligently, and/or with deliberate indifference to failed or refused to do so. This failure to so act assisted other conspirators, in that there was no fear of reprisal, and more importantly, superior officers from the Cedar Grove Police Department actually participated and acquiesced in said conspiracy.

197.    As such, the defendants directly or indirectly under color of law, approved or ratified the unlawful actions of its police officers who they are responsible for. As a direct and proximate cause of the action and inaction of defendants Chief Jeffrey Rowe, Captain FNU Vanderstreet, Lieutenant Robert Kattas, Sergeant Kenneth J. Clark, John Does (1-10) and Jane Does (1-10), the Township of Cedar Grove and the Cedar Grove Police Department, the Plaintiffs suffered physical injury, economic loss, emotional injury, and severe mental anguish in contravention to

the rights guaranteed by the Federal and State Constitutions and statutes, rules, and regulations promulgated pursuant thereto.

198. All individual defendants and the Township of Cedar Grove and the Cedar Grove Police Department failed to use reasonable care in the selection of its employees, agents, and servants, and failed to properly train and supervise the individual defendants and failed to provide appropriate safeguards to prevent its employees from engaging in conspiratorial activity.

199. All individual defendants and the Township of Cedar Grove and Cedar Grove Police Department acted under color of law pursuant to the official policy or custom and practice of the department and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline on a continuing basis the individual defendants in the performance of their duties and otherwise failed to restrain the individual defendants from unlawfully and maliciously conspiring against Plaintiffs as pled throughout the entirety of this complaint in violation of the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the State of New Jersey.

200. All individual defendants and the Township of Cedar Grove and the Cedar Grove Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline the individual defendants on a continuing basis should have had knowledge of, the wrongs that were done as alleged above and intentionally, knowingly, or with deliberate difference to Plaintiff's rights, failed or refused to prevent their commission.

201. Defendants Township of Cedar Grove and the Cedar Grove Police Department directly or indirectly under the color of law approved and ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the individual defendants.

202.    As a direct and proximate cause of the defendants' actions as described above, and particularly of their willful, intentional, false, malicious, reckless, or grossly negligent actions Plaintiffs was greatly humiliated and disgraced, suffered great mental and physical anguish, emotional stress and harm. Plaintiffs have suffered resultant anxiety, loss of sleep, and other damages, including but not limited to, incurring extensive legal and medical expenses in connection with the false charges and prosecution, suffered severe damage to his reputation and standing in the community, and has otherwise been damaged and injured in diverse other manners, to his detriment.

**WHEREFORE,** Plaintiffs demand judgment on this count against all defendants, in both their individual and official capacities, and as agents, servants, and/or employees of the defendants, the Cedar Grove Police Department and the Township of Cedar Grove, jointly and severally for compensatory damages and punitive damages, together with interest, and reasonable attorneys fees pursuant to State and Federal law, including but not limited to 42 U.S.C. 1988, and such other relief as the court may deem just and equitable.

## SIXTEENTH CAUSE OF ACTION

## (EMOTIONAL DISTRESS OF INTIMATE WITNESSES)

203.    Plaintiffs repeat and reallege each and every allegation contained in the preceding Paragraphs of the Complaint as if fully set forth at length herein.

204.    Plaintiffs, Cheryl George, Nicole George and Ronald George witnessed the unlawful assault and/or use of excessive force upon Plaintiff, James George. So too, James George, Cheryl George and Nicole George witnessed the detention and arrest of Ronald George. These events witnessed by the Plaintiffs were startling and extremely upsetting.

205.   As a direct and proximate result of the actions of the defendants, Plaintiffs suffered and continue to suffer permanent and severe mental anguish and emotional loss and injury.

WHEREFORE, Plaintiffs demand judgment against all defendants, both in their individual and official capacities, jointly and/or severally, for compensatory damages, and further demand judgment against each of the said defendants for punitive damages, plus the costs of this action, together with interest, reasonable attorneys fees, including but not limited to 42 U.S.C. 1988, and such other and further relief as the Court may deem just and proper.

## SEVENTEENTH CAUSE OF ACTION

### (PER QUOD)

206.   Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were set fully set forth herein.

207.   As the wife of Plaintiff, James George, Plaintiff, Cheryl George, was entitled to her society, services, and consortium.

208.   As a direct and proximate result of Defendants said conduct, Plaintiff, Cheryl George, was and will be deprived of Plaintiff, James George's, society, service and consortium.

WHEREFORE, Plaintiffs demand the entry of judgment against the Defendants for compensatory damages, punitive damages, and attorneys' fees and costs of suit.

## EIGHTEENTH CAUSE OF ACTION

### (RESPONDEAT SUPERIOR/ AGENCY)

209.   Plaintiffs repeat, reallege, and reincorporate each and every allegation contained in the preceding Paragraphs of the Complaint as though the contents were fully set forth herein.

210.   Defendants Township of Cedar Grove, Cedar Grove Police Department, Chief of Police, Jeffrey Rowe, Sergeant Kenneth J. Clark, Captain FNU Vanderstreet, Lieutenant Robert Kattas,

Police Officer Richard Macaluso, Police Officer Edward Conlon, Jr., Police Officer Michael Grasso, John Does (1-10) and Jane Does (1-10) were responsible under federal and state law for the violations alleged throughout the entirety of this Complaint.

211. All individual Defendants listed herein were acting under color of state law and authority vested in them by the State of New Jersey. All of the individual defendants were acting on behalf of the State of New Jersey, Township of Cedar Grove, and Cedar Grove Police Department and at all relevant times throughout the entirety of the Complaint for purposes of these causes of action, and were acting as the agents, servants, and/or employees of the Township of Cedar Grove, and/or Cedar Grove Police Department.

212. The negligent, reckless, and unlawful actions of the individual Defendants listed throughout the entirety of this Complaint and causes of action listed hereunder, were performed while defendants were acting in the scope of their duties and authority granted to them by their employer and as a matter of law are chargeable to their employer Defendant(s) Township of Cedar Grove and/or Cedar Grove Police Department, who are the governmental agencies/corporations employing said individual Defendants. The individual Defendants were acting within the scope of their employment and as such acting as agents, servants, and/or employees of the respective government entities that employ them, and were acting within the scope of their authority delegated to them.

213. As a direct and proximate result of the aforementioned actions, Plaintiffs suffered and will continue to suffer in the future from the effects of severe and permanent psychological trauma, including severe depression, loss of self-esteem, mental anguish, and embarrassment, humiliation, and other damages as pled throughout the entirety of this complaint.

214. All of the causes of action and factual support thereto, as detailed throughout the entirety of this Complaint, are also pled under State law causes of action as are justified and provided for under N.J.S.A. 59:1-1, et seq. As such, the causes of action and factual predicates supporting any federal cause of action are applicable to State law as well.

*WHEREFORE*, Plaintiffs demands judgment against Defendants Township of Cedar Grove, Cedar Grove Police Department, Chief of Police, Jeffrey Rowe, Sergeant Kenneth Clark, Captain FNU Vanderstreet, Lieutenant Robert Kattas, Police Officer Richard Macaluso, Police Officer Edward Conlon, Jr., Police Officer Michael Grasso, and John Does (1-10) and Jane Does (1-10), jointly and severally under the theory of respondeat superior for compensatory damages, and further demands judgment against each of the said Defendants, jointly and severally, for punitive damages, plus costs of this action, together with interest, reasonable attorneys' fees, including but not limited to 42 U.S.C. §1983, 42 U.S.C. §1988, and attorney fees pursuant State law.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

BIANCHI & BIANCHI, LLC
Attorneys for Plaintiffs

By: _____
ROBERT A. BIANCHI, ESQ.

DATED: June 28, 2006

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:2-4, Robert A. Bianchi, Esq., and Joseph A. Spinella, Esq., are hereby designated as trial counsels.

BIANCHI & BIANCHI, LLC
Attorneys for Plaintiffs

By: _____
ROBERT A. BIANCHI, ESQ.

Dated:  June 28, 2006