NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE, et al,

          Plaintiffs,

v.

CEDAR GROVE POLICE DEPARTMENT, et al,

          Defendants.

Civil Action No. 06-6284 (SRC)

**OPINION & ORDER**

**SHIPP, UNITED STATES MAGISTRATE JUDGE**

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs' motion to compel discovery and Defendants' cross motion for a protective order.

## II. BACKGROUND

Plaintiffs move for Defendants to provide discovery in the following areas:

1. Personnel files, internal affairs files, sick records, internal memoranda, investigation of personnel, complaints against personnel, disciplinary board hearings, reports, or other writings kept by Cedar Grove Township and/or the Cedar Grove Police Department with respect to each of the individual defendants, as referenced in document request number two. (Werner Aff. ¶ 5)

2. All internal affairs statistics, as required to be maintained by the Attorney General's Office, for each year for the relevant time period, with respect to the number of annual complaints against the Township of Cedar Grove police officers, including the disposition of each, to further include the statistical breakdown of those statistics for the number of sustained, unfounded, exonerated, and/or any other disposition of those matters, as referenced in document request number eight. (Werner Aff. ¶ 7)

3. A full listing of any and all lawsuits, from 1996 to 2007, against the Township of Cedar Grove and/or the Cedar Grove Police Department, and/or any individual defendant police officers for Civil Rights violations under State and Federal law, including but not limited to: false arrest, false imprisonment, malicious prosecution, use of excessive force, search and seizure, civil conspiracy, supervisory liability, municipal liability, due process and/or equal protection violations, as referenced in document request number ten.  (Werner Aff. ¶ 9)

4. A full and complete listing of any and all lawsuits against the Township of Cedar Grove Municipal Court and/or Court Administrator and/or any individual defendants with respect to Constitutional due process and/or equal protection and/or Sixth Amendment violations from 1996-2001, as referenced in document request number eleven.  (Werner Aff. ¶ 11)

5. All police personnel identification photographs of each of the individual defendant officers, as reflected in document request number thirteen.  (Werner Aff. ¶ 13)

6. Complaints, including those made to the Civilian Complaint Review Board, Cedar Grove Police Department Complaint Bureau, or Cedar Grove Police Department, Office of Internal Affairs, against any of the individual defendants and all other members of the Cedar Grove Police Department who were involved in the investigation, arrest, detention, prosecution and transportation or [sic] James George and Ronald George to the Cedar Grove Police Department, as reflected in document request number fifteen.  (Werner Aff. ¶ 15)

7. Every transcript or other record including statements of defendant police officers and/or witnesses taken during any internal departmental investigation, if any, involving the arrest of James George and Ronald George or subsequent complaints involving same, as reflected in document request number nineteen.  (Werner Aff. ¶ 17)

8. Memoranda, statistics, reports or other documents involving the number of arrests made by defendant officers while serving with the Cedar Grove Police Department, as reflected in document request number twenty-three.  (Werner Aff. ¶ 19)

9. All records, reports, evaluations or other documents pertaining to performance ratings of individual defendants, as reflected in document request number twenty-four.  (Werner Aff. ¶ 21)

10. All memoranda detailing internal police disciplinary action taken against each individual defendant, as reflected in document request number twenty-five. (Werner Aff. ¶ 23)

11. The personnel files of the individual defendants and Internal Affairs personnel files as to each individual defendant, as reflected in document request numbers twenty-six through twenty-eight. (Werner Aff. ¶ 25)

12. Any and all files containing potential and/or disciplinary action taken against each individual defendant, as reflected in document request number twenty-nine. (Werner Aff. ¶ 27)

Plaintiffs also request that Defendants provide answers and more specific answers to interrogatories which require responses with regard to internal and/or administrative procedures. (Werner Aff. ¶ 30) Plaintiffs assert that Defendants take the position that the discovery is not available without a court order or a release from the Attorney General's Guidelines. (Werner Aff. ¶ 29) Plaintiffs did not submit a brief in support of their position. However, Mr. Werner's Affidavit provided, "[t]he relevancy of the withheld documents is clear with respect to the plaintiffs' burden of proving municipal liability under Section 1983." (Werner Aff. ¶ 31)

Defendants assert a number of objections to Plaintiffs' requests. Defendants state that Plaintiffs' requests are so broad that granting the motion would permit them virtually unlimited access to Cedar Grove Police Department files and confidential information about its employees. (Defs.' Opp'n Mot. Br. 2) Defendants state that if the Court is inclined to permit access to the requested documents, it should narrow the scope of the documents to be produced and perform an *in camera* review of the documents prior to ordering their release. *Id.* The Defendants also state that if the Court is inclined to permit Plaintiffs access to private and confidential documents, access should be provided within the strict framework of a protective order. *Id.* On another note, Defendants assert that Plaintiffs failed to confer with defense counsel prior to filing

3

the motion, in violation of L. Civ. R. 37.1(a)(1).  (Defs.' Opp'n Mot. Br. 14)  Defendants further reference the April 10, 2007 scheduling order which reiterates the content of L. Civ. R. 37.1(a)(1).

### III.  DISCUSSION

Federal Rule of Civil Procedure 26 defines the methods, scope, limits and process of discovery.  Section (b) of that rule establishes the scope and limits of discovery.  It provides that parties may obtain discovery regarding any party's claim or defense.  Rule 26(b) also provides that for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  As this court has recognized, "[c]ourts have construed this rule liberally, creating a broad vista for discovery."  *Tele-Radio Systems Ltd. v. DeForest Electronics, Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981).  In interpreting Rule 26(b)(1), district courts must be mindful that relevance is a broader inquiry at the discovery stage than at the trial stage.  *Nestle Food Corp. v. Aetna Cas. and Surety Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

While broad, discovery is not boundless.  Rule 26(b)(2) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information.  The Third Circuit recognized this power stating that, "[a]lthough the scope of discovery under the Federal Rules is . . . broad, this right is not unlimited and may be circumscribed."  *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).  Specifically, the rules provide that the frequency or extent of discovery otherwise permitted under the rules or by local rule shall be limited by the court if the burden or the expense of the proposed discovery outweighs its likely benefit, considering the

needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(c).

Federal Rule of Civil Procedure 26(c)(1) provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including the following: (A) forbidding the disclosure or discovery; and (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. The factors a Court considers when determining whether to grant a protective order include:

1. whether the disclosure will violate any privacy interests;

2. whether the information is being sought for a legitimate purpose or for an improper purpose;

3. whether disclosure of the information will cause a party embarrassment;

4. whether confidentiality is being sought over information important to public health and safety;

5. whether the sharing of information among litigants will promote fairness and efficiency;

6. whether a party benefitting from the order of confidentiality is a public entity or official; and

7. whether the case involves issues important to the public.

*Shingara v. Skiles*, 420 F.3d 301, 307 (3d Cir. 2005)

Local Civil Rule 37(a)(1) provides that counsel shall confer to resolve any discovery dispute and that any such dispute not resolved shall then be presented to the Magistrate Judge by telephone conference call or letter. The presentation shall precede any formal motion. Local

Civil Rule 7.2(a) provides that affidavits shall be restricted to statements of fact within the personal knowledge of the affiant and that arguments of the facts and the law shall not be contained in affidavits.  Local Civil Rule 7.2(a) further provides that legal arguments and summations in affidavits will be disregarded by the Court.  Local Civil Rule 7.1(d)(4) provides that in lieu of filing any brief pursuant to L. Civ. R. 7.1(d)(1), (2) or (3), a party may file a statement that no brief is necessary and the reasons therefor.

This Court is concerned by Defendants' allegation that Plaintiffs did not meet and confer regarding the discovery disputes prior to filing the within motion.  As noted in Defendants' opposition brief, the April 10, 2007 scheduling order clearly provided that any discovery dispute was to be brought to the Court's attention prior to the filing of a discovery motion.  But rather than delay this matter any further, the Court will make a decision on the motion.  However, counsel are advised that they must make sincere, good faith, substantial efforts to comply with the meet and confer requirement of L. Civ. R. 37(a)(1) as this case proceeds towards trial.

In the present case, while the Court finds that many of the documents sought by Plaintiffs are relevant to the claims or defenses, the Court also finds that many of Plaintiffs' discovery requests are unduly burdensome considering the factors set forth in Fed. R. Civ. P. 26(b)(2)(c).  For example, Plaintiffs seek a large number of documents dating back as far as 1996 in a case in which the alleged conduct took place in late November 2003.  Therefore, the Court will grant the Defendants' request for a protective order and will limit the time frame of Plaintiffs' discovery requests to cover the period of January 1, 2001 through December 31, 2003.  In addition, the Court will further limit the scope of Plaintiffs' discovery requests as reflected below.  However, the Court is not willing to grant Defendants the far-reaching protective order that they seek.

The Court is not inclined to order suppression of many of the documents sought by Plaintiffs or to order the *in camera* review of the documents before the production to the Plaintiffs.  One of the cases that Defendants rely on in their brief is *Payton v. New Jersey Turnpike Authority*, 148 N.J. 524 (1997).  In *Payton*, the Court stated, "Only in truly extreme cases should the need for confidentiality require suppression of specific documents."  The *Payton* Court also stated, "We must rely on the creativity of the trial court and the good faith of the parties to guard against unnecessary revelation and thus to protect the integrity of the investigatory process."  The Court believes that counsel in this case are fully equipped to draft a protective order which permits the exchange of discovery and protects the privacy interests of the litigants and potential third parties.  If counsel cannot agree on the form of a protective order by the date provided by the Court below, they can request that the Court schedule a status conference to address the issue.

Therefore, based on a consideration of the rules, case law and pleadings filed in this case, the Court ORDERS the following:

1. Plaintiffs' motion to compel discovery is GRANTED IN PART and DENIED IN PART.  Defendants' cross-motion for a protective order is GRANTED IN PART and DENIED IN PART.

2. Counsel shall meet and confer regarding the terms of a Discovery Confidentiality Order.  Counsel shall submit a Discovery Confidentiality Order to the Court for execution by May 9, 2008.

3. Defendants shall provide the personnel files of the Defendant-officers to the Plaintiffs by May 23, 2008.

4. Defendants shall provide the internal affairs files of the Defendant-officers to the Plaintiffs by May 23, 2008.  The internal affairs files should cover the period of January 1, 2001 through December 31, 2003.  In addition, the internal affairs files

       should cover all complaints against and information concerning the investigation into the allegations of Plaintiffs from November 26, 2003 through present.

5. Defendants shall provide any other files and/or memoranda containing information regarding disciplinary action taken against each individual Defendant to the Plaintiffs by May 23, 2008.  The files should cover the period of January 1, 2001 through December 31, 2003.

6. Defendants shall submit transcripts or other records involving statements of the Defendant-officers or witnesses taken during any internal department investigation involving the arrest of plaintiffs to the Plaintiffs by May 23, 2008.

7. Defendants shall submit records, reports, evaluations or other documents pertaining to the performance ratings of individual Defendant-officers to the Plaintiffs by May 23, 2008.  The files should cover the period of January 1, 2001 through December 31, 2003.

8. Plaintiff's request to compel "[a]ll Internal Affairs statistics" is DENIED.

9. Plaintiffs' request to compel a full and complete listing of any and all lawsuits from 1996 - 2001 is DENIED IN PART.  Plaintiffs' request is GRANTED IN PART only as to the named Defendants and limited to lawsuits covering the period of January 1, 2001 through December 31, 2003.

10. Plaintiffs' request to compel production of personnel identification photographs of the Defendant-officers is DENIED.

11. Plaintiffs' request to compel production of every complaint against any of the individual Defendants and all other members of the Cedar Grove Police Department who were involved in the investigation, arrest, detention, prosecution, and transportation of James George and Ronald George to the Cedar Grove Police Department is DENIED IN PART.  Plaintiffs' request is GRANTED IN PART as to complaints against the named Defendants only from January 1, 2001 through December 31, 2003.

12. Plaintiff's request to compel production of any memoranda, statistics, reports, or other documents involving the number of arrests made by Defendant-officers is DENIED.

## IV.  CONCLUSION

Counsel are advised to meet and confer regarding the discovery related to the within order.

                                       s/ Michael A. Shipp
                                      **MICHAEL A. SHIPP**
                                      **UNITED STATES MAGISTRATE JUDGE**

Dated: April 24, 2008