' ? ? 2008

**SCARINCI & HOLLENBECK, LLC**
ATTORNEYS AT LAW
1100 Valley Brook Avenue
P.O. BOX 790
LYNDHURST, NEW JERSEY 07071-0790
Telephone: (201) 896-4100
Attorneys for Defendants Cedar Grove Police Department, Township of Cedar Grove, Police
Chief Jeffrey A. Rowe, Captain Fnu Vanderstreet, Police Sergeant Kenneth J. Clark, Police
Lieutenant Robert Kattas and Police Officer Michael Grasso
Our File No. 8870.6600

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES R. GEORGE, individually and CHERYL GEORGE, his wife, and JAMES R. GEORGE, as Guardian ad Litem for RONALD GEORGE, a minor, and NICOLE GEORGE, a minor, | Civil Action No.: 06-cv-6284 |
| | Civil Action |
| Plaintiffs, | |
| | *Document Electronically Filed* |
| v. | |
| | **CONSENT PROTECTIVE ORDER** |
| CEDAR GROVE POLICE DEPARTMENT, TOWNSHIP OF CEDAR GROVE; POLICE CHIEF JEFFREY A. ROWE, individually and in his official capacity; CAPTAIN FNU VANDERSTREET, individually and in his official capacity; POLICE SERGEANT KENNETH J. CLARK, individually and in his official capacity; POLICE LIEUTENANT, ROBERT KATTAS, individually and in his official capacity; POLICE OFFICER RICHARD MACALUSO, individually and in his official capacity; POLICE OFFICER EDWARD CONLON, JR., individually and in his official capacity; POLICE OFFICER MICHAEL GRASSO, individually and in his official capacity; JOHN DOES (1-10), and JANE DOES (1-10), (individuals whose identities are as yet unknown), individually and in their official capacities, | |
| Defendants. | |

{00376880.DOC}

This matter having been brought before the Court by way of Consent Protective Order by and between the parties, with the law offices of Angelo R. Bianchi, and Joseph Spinella, attorneys for Plaintiffs (collectively referred to as "Plaintiffs' counsel") in the above-captioned matter, Scarinci & Hollenbeck, LLC, attorneys for Defendants Cedar Grove Police Department, Township of Cedar Grove, Police Chief Jeffrey A. Rowe, Captain Fnu Vanderstreet, Police Sergeant Kenneth J. Clark, Police Lieutenant Robert Kattas, Police Officer Edward Conlon, Jr., Police Officer Michael Grasso and DeYoe, Heissenbuttel & Buglione, LLC, attorneys for co-defendant Richard Macaluso all consenting to same and the Court having considered the papers submitted and for good cause having been shown.

IT IS on this ___20th___ day of May 2008 hereby

ORDERED that:

1.  All documents required to be produced as identified in the April 24, 2008 Order of the Court, which is attached hereto and made a part of this Order as though fully set forth herein at length, shall be produced in accordance with the Order of the Court and the below provisions of this Consent Protective Order pursuant to the provisions of paragraph 2 of the April 24, 2008 Order of the Court as follows:

2.  All information and/or documents provided pursuant to the Court's Order of April 24, 2008 and other discovery that is designated by attorneys for Defendants as confidential, both of which may have personal information, including but not limited to home addresses and social security numbers, redacted (hereinafter "Confidential Information") shall be subject to the provisions of this Protective Order. All Confidential Information shall be subject to this Protective Order. If Plaintiffs' counsel disagrees with the

designation of any discovery deemed Confidential Information by Defendants, that disagreement shall be conveyed to Defendants. If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution.

3. Disclosure of and access to Confidential Information by Plaintiffs' counsel shall be limited to the Court, the Plaintiffs, paralegals and secretarial and other staff employed by Plaintiffs' Counsel, Plaintiffs' experts and consultants and (including attorney consultants) and certified shorthand reporters.

4.

(a.) All Confidential Information produced in this litigation shall be used only for purposes of this litigation.

(b.) With respect to all Confidential Information subject to the provisions of this Protective Order, counsel shall not, directly or indirectly, use, disclose or disseminate, or attempt to use, disclose or disseminate, any of the said documents or information except as provided in Paragraphs 3(c) and (e) below.

(c.) Confidential Information subject to this Protective Order shall not be included in pleadings, motions, briefs or depositions except if filed with the Court under seal.

(d.) Confidential Information may be used as exhibits or otherwise during depositions taken in this proceeding, provided that the only persons present at such depositions when the Confidential Information is used are those persons referred to in Paragraph 3 who are authorized to have access to the Confidential Information. Whenever Confidential Information is discussed in a deposition, Defendants' counsel, may, at the time of the deposition or within 15 days following receipt of a copy of the transcript from the reporter, designate by page and line those

portions of the transcript as Confidential Information. Thereafter, disclosure of that part of the transcript designated as Confidential Information shall be restricted to the witness, counsel, the Court and other persons authorized by this Protective Order that deposition exhibits and the transcript of testimony regarding the same have been designated as Confidential Information shall be filed under seal, if and when filed, and be subject to the provisions of this Protective Order.

(e.) No Person granted access to Confidential Information covered by the provisions of this Protective Order shall make any copies, reproductions or facsimiles of any kind or any portion thereof or prepare any partial or full summary or any alternate version thereof, except for such use as is permitted in Paragraphs 4(c) and 4(d) above. However, Plaintiffs' counsel may make copies of such Confidential Information for the persons referred to in Paragraph 3 hereof, provided that those persons, pursuant to Paragraph 6, provide written confirmation that they will abide by the terms of this Protective Order.

5. The provisions of this Protective Order shall apply equally to all documents produced prior to the entry of this Order to the extent that documents or information are subsequently identified as Confidential Information by Defendant.

6. Prior to disclosure of Confidential Information, counsel shall (a) provide a copy of this Protective Order to each and every person to whom a disclosure is made; (b) request that such person read the provisions of the Protective Order; (c) advise such person of the restraint imposed upon him or her as set forth in Paragraph 3 of this Protective Order; (d) request that such person execute written confirmation that they will abide by the terms of this Order (e) retain a copy of the writing required in (d); and (f) provide a copy of such written confirmation to counsel for Defendants within ten days of receipt by Plaintiffs' counsel.

7. All Confidential Information subject to the terms of this Protective Order shall, when not in use or in transit to or from approved and permitted uses, be stored exclusively in the offices of Plaintiffs' counsel. However, the persons referred to in Paragraph 3 who may have been provided by Plaintiffs' counsel with any copies of said Confidential Information may retain those copies until the conclusion of this litigation, at which time those persons shall return the copies to the counsel from whom they received the copies.

8. This Protective Order is without prejudice to Plaintiffs' right to move before the Court for an Order to free any documents and information from the above restrictions upon a showing of good cause (after first having made a good faith attempt to obtain such relief from the other party).

9. This Protective Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders, or from the parties agreeing to a modification of this Protective Order, subject to the approval of the Court. Nothing in this Protective Order shall be deemed to limit a party's right to oppose discovery on any other ground.

10. The method for handling Confidential Information at the trial of this matter shall be resolved between the parties after they have determined which, if any, Confidential Information they wish to present or use at trial. Any party may apply to the Court for appropriate relief should agreement not be reached.

11. Upon termination of this litigation, or sooner if so ordered by this Court, Plaintiffs' counsel shall collect all Confidential Information, any and all copies of the documents subject to this Protective Order and any summaries of the Confidential Information from all persons having access to the Confidential Documents and within fourteen (14) days deliver same to counsel for Defendant Township of Cedar Grove.

12. Subsequent to the conclusion of this litigation, all persons who were authorized to have access to the Confidential Information during the course of litigation shall not discuss or otherwise disclose any of the information contained therein to any third parties under any circumstance and shall immediately notify the Township Attorney for the Township of Cedar Grove as to any Subpoena and or application to any agency and or Court of competent jurisdiction which subpoena or application seeks the disclosure of any Confidential Documents.

13. The provisions of this Protective Order shall remain in full force and effect following conclusion of this case unless or until modified or vacated by the Court or upon the written consent of counsel for all parties.

14. A copy of this Order shall be served on all parties within 7 days of receipt hereof.

Honorable Michael A. Shipp, U.S.M.J.

I hereby consent to the entry of the within Order:

| Law Offices of Angelo R. Bianchi<br>Attorney for Plaintiffs | Law Offices of Joseph Spinella<br>Attorney for Plaintiffs |
|---|---|
| _/s/ Michael Werner_<br>By Michael Werner | _/s/ Joseph Spinella_<br>By Joseph Spinella |

| Scarinci & Hollenbeck, LLC<br>attorneys for Defendants Cedar Grove Police Department, Township of Cedar Grove, Police Chief Jeffrey A. Rowe, Captain Fnu Vanderstreet, Police Sergeant Kenneth J. Clark, Police Lieutenant Robert Kattas, Police Officer Edward Conlon, Jr., Police Officer Michael Grasso | DeYoe, Heissenbuttel & Buglione, LLC<br>Attorneys for co-defendant Richard Macaluso |
|---|---|
| _/s/ Christine M. Vanek_<br>By Christine Vanek | _/s/ Albert Buglione_<br>By Albert Buglione |