UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF<br>MICHAEL A. SHIPP<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.  ROOM 2042<br>NEWARK, NJ 07102<br>973-645-3827 |
|---|---|

**Not for Publication**

LETTER ORDER

January 14, 2010

**VIA CM/ECF**
All counsel of record

    Re:    **George v. Cedar Grove Police Department, et al.**
            **Civil Action No. 06-6284 (SRC)**

Dear Counsel:

    This matter originally came before the Court by way of Defendants' motion for a protective order. On August 27, 2009, the Court granted the motion to compel Plaintiff James George to submit to a mental examination. (Doc. No. 85.) After subsequent orders, Plaintiff submitted to the examination. On November 3, 2009, Dr. Crain issued his report with the following Opinion:

> Following the incident on November 26, 2003, Mr. George developed a mental disorder, associated with fantasies of revenge, but no actual intent. I do not consider him homicidal or suicidal. He continues to require treatment provided by a psychiatrist to monitor his anti-depressant medication and mental status. He presents no danger to either himself or others, particularly those persons directly involved in the lawsuit.

(11/3/09 Crain Report 8.)

    Counsel for Defendants reiterated their concerns regarding Plaintiff James George during the telephone status conference on December 22, 2009. Defendant's counsel submitted a Certification and proposed order on January 11, 2010. The Court has considered Dr. Crain's report and the arguments of counsel, and for good cause shown, ORDERS as follows:

1. Plaintiff James George shall not be permitted to attend any expert depositions in person. Plaintiff shall be permitted to listen to the depositions via telephone upon one week's advanced notice.

2. Counsel must meet and confer regarding the subject of expert fees and potential weekend and/or evening depositions. If counsel can not come to an agreement, counsel must submit letter briefs regarding the issue. The letter briefs should include specific citations to Third Circuit authority. Each party must e-file a letter brief by **January 22, 2010**. Each party may file a responsive letter brief by **January 29, 2010**.

3. Expert depositions should immediately proceed as to experts for which counsel agree upon fees. The Court will reset the expert deposition deadline as to the other experts in conjunction with its decision on the issue.

4. This matter is scheduled for a telephone status conference on **February 5, 2010 at 1:30 p.m.** Counsel for Plaintiffs is to initiate the call to (973) 645-3827. By **February 3, 2010**, counsel must e-file a joint letter which sets forth any additional outstanding (previously raised) discovery-related issues not addressed in this Order.

Please note that nothing in this Order prohibits Plaintiff from voluntarily entering into a Civil Restraints Agreement with Defendants with more stringent terms than those provided above.

 s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**