## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.   ROOM 2042**<br>**NEWARK, NJ 07102**<br>**973-645-3827** |

**Not for Publication**

### LETTER OPINION AND ORDER

February 4, 2010

**VIA CM/ECF**
All counsel of record

      Re:    **George, et al. v. Cedar Grove Police Department, et al.**
              **Civil Action No. 06-6284 (SRC)**

Dear Counsel:

This matter comes before the Court upon motion to withdraw as counsel of Joseph A. Spinella, Esq. ("Mr. Spinella"), co-counsel for Plaintiffs. The Court has reviewed the papers and, for the reasons set forth below, the motion is denied without prejudice.

### I.   Background

On October 8, 2009, Mr. Spinella filed a motion to withdraw as co-counsel for Plaintiffs. (Docket "Doc." No. 87.) Mr. Spinella's motion papers referenced a "Confidential Declaration" which Mr. Spinella submitted for the limited purpose of the Court's review in relation to the motion. (Doc. No. 87, Cert. of Service ¶ 3.) Defendants Township of Cedar Grove Police Department, Police Chief Jeffrey A. Rowe, Captain Fnu Vanderstreet, Police Sergeant Kenneth J. Clark, Police Lieutenant Robert Kattas and Police Officer Michael Grasso oppose the motion. (Doc. No. 89.) Defendant Macaluso joined the opposition. (Doc. No. 90.) Because Defendants did not receive an unredacted copy of the Confidential Declaration, the Court entered an order which provided that Mr. Spinella

may attach an unredacted version to the reply brief in further support of his motion to withdraw as counsel. (Doc. No. 92, 11/12/09 Order.) On November 16, 2009, Mr. Spinella filed his reply brief. (Doc. No. 93.)

In his reply brief, Mr. Spinella argues that good cause exists for him to be relieved as co-counsel based on irreconcilable differences. (Reply Br. 3.) Mr. Spinella asserts that the withdrawal will not prejudice Plaintiffs and will not harm the administration of justice or unduly delay resolution of the case. *Id.* Mr. Spinella also asserts that it would be highly prejudicial for him to be forced to continue to represent Plaintiffs as co-counsel. *Id.* Finally, Mr. Spinella asserts that representation will result in an unreasonable financial burden on the moving party. *Id.* Mr. Spinella's Confidential Declaration in support of his motion to withdraw as counsel sets forth additional reasons behind his request to withdraw as counsel.[1]

## II. Discussion

Local Civil Rule 102.1 provides that unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court. Here, because a substitution of counsel has not been entered, counsel must obtain leave of court to withdraw.

The determination of a motion for withdrawal of counsel is left to the discretion of the Court. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). When evaluating an application to withdraw, a court will consider: "1) the reason withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay the resolution of the case." *United States ex rel. Cherry Hill*

---

[1] Mr. Spinella filed the Confidential Declaration under seal. The Court will not specifically cite the information found in the Confidential Declaration. However, the Court considered all of the information in the Confidential Declaration in reaching its decision.

*Convalescent Center, Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-253 (D.N.J. 1997). New Jersey Rule of Professional Conduct ("RPC") 1.16(b) provides that a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

This Court has considered the arguments of counsel and will deny without prejudice the motion to withdraw. The Court is sympathetic to the reasons counsel seeks withdrawal. While Mr. Spinella successfully argued portions of RPC 1.16(b), including that the representation has been rendered unreasonably difficult by the client, the Court nevertheless finds that Mr. Spinella's withdrawal can not be accomplished without a material adverse effect on the interests of his clients. In addition, there is a strong likelihood that his withdrawal would cause prejudice to other litigants, harm the administration of justice and delay the resolution of the case.

This is a 2006 case. All counsel have worked diligently to move this case towards trial. Mr. George appears to have directed his frustration regarding the progress of the case towards Mr.

Spinella. Notably, this Court finds that some of the delay in this case has been due to the actions of Plaintiffs themselves and not Plaintiff's counsel. Other delays have been due to the inherent nature of the litigation process. Regardless of the causes of the previous delays in this case, the Court finds that allowing Mr. Spinella to withdraw as counsel would cause further, perhaps indefinite delay, which would result in prejudice to the parties. The Court finds that it is extremely unlikely that Plaintiffs would be able to secure other co-counsel. In addition, Mr. Spinella has invested countless hours on this case.[2] Thus, the Court is convinced that based on the unique facts, circumstances and challenges of the present case, it can not permit Mr. Spinella's withdrawal at this time.

### III. Conclusion

For the foregoing reasons, the motion to withdraw as counsel is denied without prejudice.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This Court would certainly be willing to consider a substitution of co-counsel in the case. Defendants argued against a potential substitution of new counsel. (Defs.' 11/4/09 letter, Doc. No. 89.) Defendants stated that Plaintiffs are still represented by two other attorneys who are more than capable of prosecuting this matter. *Id.* However, because the substitution issue is not currently before the Court, the Court will not entertain the Defendants' arguments at this time.