**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MICHAEL A. SHIPP**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.   ROOM 2042<br>NEWARK, NJ 07102<br>973-645-3827 |

<u>Not for Publication</u>

**LETTER OPINION AND ORDER**

April 9, 2010

<u>**VIA CM/ECF**</u>
All counsel of record

      Re:    **<u>George, et al. v. Cedar Grove Police Department, et al.</u>**
               **<u>Civil Action No. 06-6284 (SRC)</u>**

Dear Counsel:

      This matter comes before the Court upon the application of Defendants to limit the expert deposition fees payable to some of Plaintiffs' experts. The Court has reviewed the papers and, for the reasons set forth below, limits the Plaintiffs' expert deposition fees for the disputed experts to $500 per hour.

**I.**    <u>**Background**</u>

      Counsel for Defendant Richard Macaluso raised the issue of allegedly exorbitant expert fees in his January 11, 2010 Certification. (Docket "Doc." No. 97.) The Court set an informal briefing schedule regarding the disputed expert fee issue in its January 14, 2010 letter order. (Doc. No. 98, 1/14/2010 Order.) Pursuant to the provisions of the January 14, 2010 letter order, Anthony P. Seijas, Esq. ("Mr. Seijas"), counsel for Defendants Cedar Grove Police Department, Police Chief Rowe, Captain Vanderstreet, Sergeant Clark, Lieutenant Kattas and Officers Grasso and Conlon, filed a letter brief which requested the Court to set reasonable deposition fees for the disputed experts. (Doc. No.

99, 1/22/10 Ltr.) Mr. Seijas noted that Doctors McInerney and Palacios each demanded $2500 per hour for a minimum of two hours of deposition testimony and claimed that the fees were "outrageous." (*Id.* at 1.) In support of this assertion, Mr. Seijas noted that Plaintiffs' other experts, Doctors Discovsky and Malanga, charged $400 and $500 per hour, respectively, for deposition testimony. (*Id.*) In addition, Mr. Seijas stated that Defendants' expert, Dr. Irwin Cohen, charged only $300 per hour. (Doc. No. 100, 1/28/10 Ltr.) Mr. Seijas further provided a notarized affidavit stating that an orthopedic surgeon, Dr. Decter, charged $450 per hour with a two hour minimum. (1/22/10 Ltr., Ex C.) The above four doctors are similarly qualified and Mr. Seijas noted, "there is nothing unique or extraordinary in either [Dr. Palacios's or Dr. McInerney's] credentials." (1/22/10 Ltr. 2.)

## II.   Discussion

The factors to be considered in evaluating the reasonableness of expert fees are: 1) the expert's area of expertise; 2) the expert's training and education; 3) the prevailing rates for comparable witnesses; 4) the nature, quality and complexity of discovery provided; 5) the cost of living in the relevant community; 6) the fee being charged by the expert for the party to retain him; 7) fees traditionally charged by the expert on related matters; and 8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *Crawford v. American Legion Ambulance Assoc.*, No. 08-2338, 2009 WL 5218060, at *1 (D.N.J. Dec. 30, 2009); *Mathis v. NYNEX*, 165 F.R.D. 23, 24 (E.D.N.Y. 1996). Among the "other factor[s]" that can be considered are: 1) the conduct of the expert in the deposition, such as whether he or she is unduly evasive or argumentative (*Mathis*, 165 F.R.D. at 26 n. 2 (citing *Goldwater v. Postmaster Gen. of the U.S.,* 136 F.R.D. 337, 340 (D. Conn. 1991)); 2) whether he or she is testifying as a fact or expert witness; and 3) the fee clients are charged in regular practice of the specialty, over which the expert can receive a "modestly higher

fee for a deposition taken by adverse counsel." (*Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 547 (D. Ariz. 1999)).

In at least one court's eyes, the most important consideration is how to balance the proffering party's interest in having competent experts with the deposing party's interest, as well as the interest of the civil litigation system as a whole, in having to pay only reasonable fees to depose the witness. *Cabana v. Forcier*, 200 F.R.D. 9, 16 (D. Mass. 2001). The *Cabana* court was particularly concerned about the risk of parties seeking discovery being "held hostage" by expert's demands for fees. *Id*.

In light of these factors, the Court finds that there is no reason for the Plaintiffs' experts to receive more than the hourly fees received by the Defendants' experts, let alone the exorbitant sum demanded. Defendants' and Plaintiffs' experts appear comparably qualified. In addition, Plaintiffs have not provided evidence of: 1) the amount their experts are charging them; 2) the amount the experts charge their own patients and clients; 3) the prevailing rates for similar testimony; or 4) any other factor from which the Court could determine that the requested fees are reasonable. Plaintiffs' argument is essentially that their experts charge what they charge.

Additionally, a review of the recent case law on expert fees for orthopedic doctors reveals that the fees requested by the experts in the present case are extraordinary. Fees charged for similar orthopedic deposition testimony range from $400 (*Casiano v. Target Stores*, No. 06-6286, 2008 WL 3930558, at *2 (E.D.N.Y. Aug. 21, 2008)) to $750 (*Smith v. Ardew Wood Prods.*, No. 07-5641, 2009 WL 2163131, at *2 (W.D. Wash. July 20, 2009)). The *Smith* result, however, is an outlier, and is best explained by the fact that the contesting party's expert charged the same rate. The $600 hourly expert fee rate approved in *Grady v. Jefferson Board of County Commissioners*, 249 F.R.D. 657 (D. Colo. 2008), is similarly exceptional because that expert's specialty, neurosurgery, in general, garners higher

expert fees than those awarded to doctors with different specialties. *See also Crawford,* No. 08-2338, 2009 WL 5218060, at *2 (recognizing that neurosurgeons practice in a highly specialized area and may charge more than other experts).

### III.     Conclusion

For the foregoing reasons, **IT IS ORDERED** that the deposition fees for the disputed experts, including Doctors Palacios and McInerney, are limited to $500 dollars per hour plus reasonable costs for travel and lodging.

    s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**