# SCARINCI HOLLENBECK

Lyndhurst | Freehold | New York

ANTHONY P. SEIJAS, Attorney
aseijas@scarincihollenbeck.com
Direct Phone: 201-806-3408

July 15, 2010

**VIA ELECTRONIC FILING AND REGULAR MAIL**

Honorable Michael A. Shipp, U.S.M.J.
United States District Court for the District of NJ
Martin Luther King Jr. Bldg. & Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:    George v. Cedar Grove Police Department, et al.
            Civil Action No.: 06-cv-6284
            Our File No.: 8870.6600; Fund No.: 0529

Dear Judge Shipp:

Pursuant to the Court's instructions, kindly accept this correspondence as the parties' joint submission outlining the remaining discovery with respect to the above-referenced matter.

**Status:**

Since the last conference the following depositions have been completed: Mr. Anthony LaBataglia, Frank Nardi, Esq., and Dr. Stanley Knepp

As of the date of this correspondence, the following depositions must be completed:

    **Dr. Emami** – This doctor performed Plaintiff's lumber laminectomy. His deposition was scheduled for April 7, 2010, but he was on vacation. It is currently scheduled for July 22, 2010.

    **Dr. McInerney** – Plaintiff's surgeon. The *de benne esse* deposition is currently scheduled for July 24, 2010.

{00578458.DOC}

Scarinci & Hollenbeck, LLC   1100 Valley Brook Avenue, P.O. Box 790, Lyndhurst, NJ 07071-0790   Phone: 201-896-4100   Fax: 201-896-8660   www.scarincihollenbeck.com

July 15, 2010
Page 2

**Plaintiffs' position:**

As stated in previous case status call with the Court, plaintiffs are obligated to transmit ongoing reports of medical treatment and summaries respecting the same as is maintained flowing from conditions as a result of the incident of November 26, 2003. It is maintained that the cause of the fall of plaintiff on or about May 4, 2010 was attributed to his knee giving out. Therefore, the incident and information concerning the same was disclosed to counsel.

As to the "Contract", regarding the transfer of ownership of Niron Trucking to Anthony LaBattaglia, plaintiff never had possession of any said documents. All documents in plaintiff's possession were turned over to defendants. Certainly, defendants knew by depositions of plaintiff, Cheryl George, as well as James George, Jr., quite some time ago, that a transfer took place. Certainly there was no reason to not turn over any such document but plaintiffs did not have possession of the same. Defendant's stated request to file the intended motion would be frivolous at best and serve no useful purpose.

On June 18, 2010, after a visit with Dr. Emami, an MRI was taken, the disc and report for which was recently received and will be transmitted to counsel.

The summaries prepared by Jane Barone will be updated to include recent incidents and treatment for same and submitted to counsel.

Payment to the expert of defendants will be forthcoming.

**Defendants' position:**

On May 19, 2010, Plaintiff served evidence of a fall down/knee injury allegedly attributed to the November 26, 2003 police incident underlying this matter where his back was allegedly injured. Any evidence regarding new damages must be barred because factual discovery regarding medical evidence has long been closed. Furthermore, this incident occurred almost seven (7) years ago; at some point the allegations must stop and the parties proceed to a trial on the merits.

Plaintiff has yet to pay Defendant's expert's deposition fee in the amount of $2,100.00 for his March 18, 2010 deposition. This must be paid immediately (within 24 hours) or Defendants would ask the Court for leave to file for sanctions.

Plaintiff cannot confirm he ever served Defendant with the contract regarding the transfer of Niron Trucking from Cheryl George to Anthony LaBattaglia (see attached) until Mr. LaBattaglia presented it at his February 2, 2010 deposition. Based upon this late submission, Mr. LaBattaglia's second day of deposition testimony on May 11, 2010, Accountant Nardi's production of Sianni Trucking documents and May 26, 2010 deposition, Defendants would request leave to file a motion to amend their Answer to

July 15, 2010
Page 3

include a claim against Plaintiff and LaBattaglia for conspiracy to commit fraud against defendants.

Defendants also forwarded the above discovery to their forensic accountant, Larry Toma, so that he may prepare an addendum report.

Lastly, Defendants are in the process of preparing a motion for summary judgment.

Should you require any further information, please do not hesitate to contact me directly.

Respectfully submitted,

s/ Anthony P. Seijas

ANTHONY P. SEIJAS
For the Firm
APS/aka
Encl.

Approved as to the foregoing:

s/Joseph Spinella, Esq.
    Joseph Spinella, Esq.
    Attorney for Plaintiffs

s/ Angelo R. Bianci, Esq.
    Angelo R. Bianchi, Esq.
    Attorney for Plaintiffs

s/Albert C. Buglione, Esq.
    Albert C. Buglione, Esq.
    Attorney for Defendant, Macaluso

LAW OFFICES OF
# JOSEPH A. SPINELLA
805 Clifton Avenue
Clifton, New Jersey 07013

*Joseph A. Spinella*
**Certified Civil Trial Attorney**
**R. 1:40 Court Approved Mediator**

(973) 779-6605
(973) 779-5996 (fax)
jaspinella@optonline.net

July 2, 2010

**Via Fax: 201-896-8660**
Anthony P. Seijas, Esq.
Scarinci & Hollenbeck, LLC
1100 Valley Brook Avenue
Lyndhurst, NJ 07071-0790

RE: **JAMES R. GEORGE, et al. vs. CEDAR GROVE POLICE DEPARTMENT, et al.**
**Civil Action No.: 06-CV-6284**

Dear Mr. Seijas:

I apologize for the oversight in not responding to your letter of May 18, 2010, until today. Concerning the documents produced at the deposition of Anthony LaBattaglia, I did not have any such documents in my possession prior to that deposition. Accordingly, I could not supply the same to you.

Very truly yours,

JOSEPH A. SPINELLA

JAS:rn

cc: Albert C. Buglione, Esq.
Angelo R. Bianchi, Esq.