UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE, et al.,

        Plaintiffs,

v.

CEDAR GROVE POLICE DEPARTMENT, et al.,

        Defendants.

Civil Action No. 06-6284 (SRC)

**ORDER**

**THIS MATTER** having come before the Court by way of an in-person status conference on the record on July 21, 2010; and for good cause shown,

**IT IS on this 22nd day of July, 2010,**

**ORDERED THAT:**

1. All discovery is now closed with the exception of two depositions scheduled for July 22, 2010 and July 24, 2010.

2. A proposed joint Final Pretrial Order shall be filed with the Court by **September 13, 2010**. The proposed Order shall comply with Judge Stanley R. Chesler's template, attached hereto. The proposed Order shall include all verbatim headings, subheadings, introductory sentences and parenthetical instructions. The parties shall not add to nor revise/edit the wording of or terms of the template without this Court's explicit permission.

3. A final pretrial conference shall be conducted before the Undersigned pursuant to Civil Rule 16(d) on **September 20, 2010** at **3:30 p.m.**. Trial counsel must attend this final pretrial conference.

                                        /s/ Michael A. Shipp
                                    **HONORABLE MICHAEL A. SHIPP**
                                    **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : |  |
|  | : | Hon. Stanley R. Chesler |
| Plaintiff, |  |  |
|  | : |  |
| -v- | : |  |
|  | : |  |
|  | : | Civil Action No. |
| Defendant. |  |  |
|  | : | FINAL PRETRIAL ORDER |

This matter having come before the Court for a pretrial conference pursuant to <u>Fed. R. Civ. P. 16;</u> _____ having appeared for plaintiff(s) and _____ having appeared for defendant(s); and counsel all having been notified that:

(1) a <u>jury/nonjury</u> trial in this matter has been scheduled before Stanley R. Chesler on <u>a date to be set by His Honor's Chambers;</u> and

(2) the pretrial submissions detailed in ¶ 2 below are to be submitted no later than <u>thirty days from the date of this order unless otherwise noted herein</u> or they will be deemed waived; and the following Final Pretrial Order is hereby entered:

1. JURISDICTION (Set forth specifically)

2. PENDING/CONTEMPLATED MOTIONS/TRIAL BRIEFS (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar. Also set forth the nature of the motion and the return date. If the court indicated that it would rule on any matter at pretrial, summarize that matter and each party's position. <u>NOTE</u>: ALL REMAINING

PRE-TRIAL MOTIONS INCLUDING <u>DAUBERT</u> AND <u>IN LIMINE</u> MOTIONS SHALL BE FILED NO LATER THAN <u>thirty days after the date of this order,</u> and any response shall be submitted no later than <u>ten days of the date such motions(s) are filed.</u> Only those motions listed herein will be entertained prior to trial.)

3. STIPULATION OF FACTS (Set forth in narrative form a comprehensive listing of all uncontested facts, including all answers to interrogatories and admissions, to which there is agreement among the parties).

4. JUDICIAL NOTICE

    A. Plaintiff requests that the Court take judicial notice of the following facts:

    B. Defendant objects to the taking of judicial notice for the following reasons:

5. JUDICIAL NOTICE

    A. Defendant requests that the Court take judicial notice of the following facts:

    B. Plaintiff objects to the taking of judicial notice for the following reasons:

6. PLAINTIFF'S CONTESTED FACTS (Stated separately for each defendant. Proof shall be limited at trial to the matters set forth below. Failure to set forth any matter shall be deemed a waiver thereof.)

    A. Plaintiff intends to prove the following contested facts with regard to liability:

    B. Plaintiff intends to prove the following contested facts with regard to damages:
(This must include each item of damages, the amount of each item, the factual basis for each item and, if punitive damages are claimed, the facts upon which plaintiff will rely to establish punitive damages.)

7. DEFENDANT'S CONTESTED FACTS (Stated separately for each plaintiff. Proof shall be limited at trial to the matters set forth below. Failure to set forth any matter shall be deemed a waiver thereof.)

    A. Defendant intends to prove the following contested facts with regard to liability:

    B. Defendant intends to prove the following contested facts with regard to damages:
(This statement must include the factual basis for each defense against the plaintiff's claims for damages.)

8. PLAINTIFF'S CAUSES OF ACTION AND AFFIRMATIVE DEFENSES

    A. Plaintiff makes the following causes of action.

    B. To the extent there is a cross-claim, counterclaim or other claim for affirmative relief against the plaintiff, plaintiff raises the following affirmative defenses.

9. DEFENDANT'S CLAIMS AND AFFIRMATIVE DEFENSES

    A. Defendant raises the following affirmative defenses.

    B. To the extent defendant has a cross claim, counterclaim or other claim for affirmative relief, those claims are as follows.

10. PLAINTIFF'S WITNESSES (Aside from those called for impeachment purposes, only the witnesses and rebuttal witnesses whose names and addresses are listed below will be permitted to testify at trial.)

    A. On liability plaintiff intends to call the following witnesses who will testify in accordance with the following summaries( For witnesses who have been deposed, a statement that the witness's testimony will be in conformity with his/her deposition testimony is sufficient. For witnesses who have not been deposed, please include a detailed narrative of the witness's testimony)

    B. On damages plaintiff intends to call the following witnesses who will testify in accordance with the following summaries. ( For witnesses who have been deposed, a statement that the witness's testimony will be in conformity with his/her deposition testimony is sufficient. For witnesses who have not been deposed, please include a detailed narrative of the witness's testimony)

    C. Defendant objects to the following witnesses for the reasons stated:

11. DEFENDANT'S WITNESSES Aside from those called for impeachment purposes, only the witnesses and rebuttal witnesses whose names and addresses are listed below will be permitted to testify at trial.)

    A. On liability defendant intends to call the following witnesses who will testify in accordance with the following summaries( For witnesses who have been deposed, a statement that the witness's testimony will be in conformity with his/her deposition testimony is sufficient. For witnesses who have not been deposed, please include a detailed narrative of the witness's testimony).

B. On damages defendant intends to call the following witnesses who will testify in accordance with the following summaries( For witnesses who have been deposed, a statement that the witness's testimony will be in conformity with his/her deposition testimony is sufficient. For witnesses who have not been deposed, please include a detailed narrative of the witness's testimony)

C. Plaintiff objects to the following witnesses for the reasons stated:

12. EXPERT AND SPECIALIZED LAY OPINION WITNESSES (No expert or specialized lay opinion witness offering scientific, technical or other specialized knowledge will be permitted to testify at trial unless listed below. A summary of the expert qualifications and a copy of his/her report must be provided for the Court's review at the pretrial conference. No opposing counsel shall be permitted to question the expert's qualifications unless the basis of the objection is set forth herein.)

A. Plaintiff's expert and specialized lay opinion witnesses are:

B. Defendant's objections to the qualifications of the plaintiff's experts and specialized lay opinion witnesses are:

C. Defendant's expert and specialized lay opinion witnesses are:

D. Plaintiff's objections to the qualifications of the defendant's experts and specialized lay opinion witnesses are:

13. PLAINTIFF'S DEPOSITIONS (List, by page and line, all deposition testimony to be offered into evidence. All irrelevant and redundant matters and all colloquy between counsel must be eliminated, unless ruled relevant. Deposition testimony to be used solely for impeachment purposes need not be listed).

A. On liability plaintiff intends to read into evidence the following:

B. On damages plaintiff intends to read into evidence the following:

14. DEFENDANT'S DEPOSITIONS (List, by page and line, all deposition testimony to be offered into evidence. All irrelevant and redundant matters and all colloquy between counsel must be eliminated, unless ruled relevant. Deposition testimony to be used solely for impeachment purposes need not be listed).

A. On liability defendant intends to read into evidence the following:

B. On damages defendant intends to read into evidence the following:

15. PLAINTIFF'S EXHIBITS

(Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived. All parties hereby agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made.

In accordance with the Pretrial Scheduling Order, three (3) weeks before the entry of the Final Pretrial Order, counsel for each party shall serve upon all parties copies of all trial exhibits, fully pre-marked with exhibit tabs and numbering to be utilized at trial).

A. Plaintiff intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each exhibit):

B. Defendant objects to the introduction of plaintiff's exhibits (set forth number of exhibit and grounds for objection). Objections shall be provided two weeks before the trial brief is due.

16. DEFENDANT EXHIBITS

(Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived. All parties hereby agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made.

In accordance with the Pretrial Scheduling Order, three (3) weeks before the entry of the Final Pretrial Order, counsel for each party shall serve upon all parties copies of all trial exhibits, fully pre-marked with exhibit tabs and numbering to be utilized at trial).

A. Defendant intends to introduce into evidence the exhibits listed on the attached exhibit list( list by number with a description of each exhibit).

B. Plaintiff objects to the introduction of defendant's exhibits (set forth number of exhibit and grounds for objection). Objections shall be provided two weeks before the trial brief is due.

(COPIES OF EXHIBITS ARE TO BE MADE FOR OPPOSING COUNSEL, AND A BENCH BOOK OF EXHIBITS IS TO BE DELIVERED TO THE JUDGE AT THE START OF TRIAL. IF COUNSEL DESIRES TO DISPLAY EXHIBITS TO THE JURY, SUFFICIENT COPIES SHOULD BE AVAILABLE TO PROVIDE EACH JUROR WITH A COPY; ALTERNATIVELY, ENLARGED PHOTOGRAPHIC OR PROJECTED COPIES MAY BE USED).

17. PLAINTIFF'S LEGAL ISSUES

18. DEFENDANT'S LEGAL ISSUES

19. MISCELLANEOUS

Set forth any other matters which require action by, or should be brought to the attention of, the Court.

20. JURY TRIALS- the following should be submitted to the court no later than ten (10) days prior to trial:

A. Each side shall submit to the Judge and to opposing counsel a trial brief or memorandum in accordance with Local Civil Rule 7.2, with citations to authorities and arguments in support of its position on all disputed issues of law. In the event a brief shall not be filed, the delinquent party's complaint or defense may be stricken.

B. Counsel shall each submit to the Court a separate set of: proposed preliminary and final jury instructions. Supplemental requests for instructions as to facts or legal issues that could not reasonably have been anticipated before trial may be submitted at any time prior to argument to the jury. All requests for instructions shall be plainly marked with the name and number of the case, shall contain citations of supporting authorities, if any, and shall designate the party submitting same. In the case of multiple requests by a party, these shall be numbered in sequence and each request shall be on a separate sheet of paper.

C. Counsel shall each submit to the Court a separate set of proposed voir dire questions.

D. Counsel shall each submit to the Court a separate proposed special verdict sheet.

E. Counsel shall each submit three (3) copies of a separate exhibit list and two bench books of trial exhibits.

F. Counsel shall each provide the Court with a separate copy of the jury instructions and proposed verdict sheet on a computer disk in a WordPerfect readable format.

21. NON-JURY TRIALS

A. The following shall be submitted to the Court no later than ten (10) days prior to trial:

Each side shall submit to the Judge and opposing counsel a trial brief or memorandum in accordance with Local Civil Rule 7.2 with citation to authorities and arguments in support of its position on all disputed issues of law. In the event a brief shall not be filed, the delinquent party's complaint or defense shall be stricken.

B. The following shall be submitted to the Court after trial:

1. Each side shall submit to the Judge and other counsel post-trial proposed written findings of fact and conclusions of law.

      2. Counsel shall provide the Court with a copy of its proposed findings of fact and conclusions of law on a computer disk in a WordPerfect readable format.

22. TRIAL COUNSEL (List the names of trial counsel for all parties).

23. BIFURCATION (Where appropriate, the issues relating to liability shall be severed and tried to verdict. Thereafter, all issues relating to damages shall be tried. The issues of liability and damages SHALL/SHALL NOT be tried separately.)

24. ESTIMATED LENGTH OF TRIAL
   _____days for liability and _____ days for damages.

AMENDMENTS TO THIS PRETRIAL ORDER WILL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED. THE COURT MAY FROM TIME TO TIME SCHEDULE CONFERENCES AS MAY BE REQUIRED EITHER ON ITS OWN MOTION OR AT THE REQUEST OF COUNSEL.

                _____
                (Attorney for Plaintiff)

                _____
                (Attorney for Defendant)

Dated:
                _____
                United States Magistrate Judge

                (EXHIBIT LIST FOLLOWS)